J. L. Williams et al. v. Y. E. Wiley et al.

No. 1149. Decided December 22, 1902.

**1.—Res Judicata—Appeal—Questions Not Determined.**

The judgment of an appellate court can not be held an adjudication of a question which it expressly held was not involved in the appeal, and so refused to pass on. (P. 152.)

**2.—Same—Appeal—Writ of Error.**

On appeal by the defendants only against whom plaintiffs recovered, joining as appellees their codefendants and the plaintiffs, the latter filing no cross-assignments, a judgment by the appellate court reversing and rendering judgment for the appellants, but declining to disturb the judgment in favor of the defendants who had not joined in the appeal, because it was not brought in question thereby, did not preclude plaintiffs below from thereafter prosecuting writ of error against such defendants who recovered below and did not join in the appeal. (Pp. 149-153.)

**3.—Appeal and Error—Bond—Amount Not Stated—Amendment.**

A bond on appeal or writ of error, though it is given for no stated amount, is sufficient to give the appellate court jurisdiction, and may be amended in that court under article 1025, Rev. Stats. (Pp. 151-153.)

**4.—Same—Jurisdiction.**

It seems that any bond for writ of error, given in an attempt to comply with the statute, though defective in matter of substance, may be amended under the statute; and it is questioned whether, with such statute in force, it should be longer held that jurisdiction of the appellate court at all depends on the giving of a bond. (P. 153.)

Questions certified from the Court of Civil Appeals for the First District, in an appeal from Harris County.

*Jacob C. Baldwin,* for plaintiffs in error.—Inasmuch as the defendants in error were codefendants with the plaintiffs in error upon the appeal of said cause, the plaintiffs in error had no legal right to file cross-assignments of error against their coappellees unless said plaintiffs in error had first filed an appeal bond and made assignments of error as required by law, and they being satisfied with the judgment of the trial court, there was no reason for their filing an appeal bond and assignments of error to disturb said judgment; and inasmuch as the statute gives them the right to carry said cause to the Court of Civil Appeals within twelve months from the date of said judgment, they had a legal right to sue out this writ of error against their coappellees at any time within said twelve months. Anderson v. Silliman, 92 Texas, 567; Patterson v. Rogers, 53 Texas, 484; Horter v. Herndon, 12 Texas Civ. App., 637; McKay v. Mayes, 32 S. W. Rep., 606; Gilbert v. Moody, 36 S. W. Rep., 523.

Inasmuch as article 1025 of the Revised Statutes provides for the filing of a new bond for the purpose of curing just such defects as that found in the bond now under consideration, it is clear that the Court of Civil Appeals has jurisdiction of the cause, and if in their opinion the bond is not sufficient, then the plaintiffs in error should be allowed the right to file a sufficient bond since the defendants in error have

filed a motion to dismiss on these grounds. Sayles' Stats., art. 1025; Hugo v. Seffel, 92 Texas, 414; First National Bank v. Preston National Bank, 85 Texas, 560.

*D. F.* and *T. C. Rowe,* for defendants in error.—Plaintiffs in error could and should have assigned error upon the first appeal of this case in the case of Clawson v. Williams if they wished to have any change made in the location of lines or corners as fixed and established by the trial court. The suit was brought to establish the lines and corners of a block of surveys, and the owners of the different surveys were all interested in the location of such lines and corners. The fact that only a part of the defendants appealed and that in said appeal said appellants complained only as to the location of certain lines, corners or the location of a particular survey, did not preclude plaintiffs, when all the parties were before the court and said judgment was up for review, from assigning any errors they may have felt the trial court committed. Harris v. Simmang, 29 S. W. Rep., 668; Southern Kan. Railway Co. v. Loffoon, 33 S. W. Rep., 584; Woeltz v. Woeltz, 93 Texas, 548.

The appeal bond filed in the case is void, and confers no jurisdiction upon the Court of Civil Appeals. It contains no penalty and there could be no recovery upon the same. Being void it is not subject to amendment. Munzesheimer v. Wickham, 74 Texas, 638; Copeland v. Cunningham, 63 Ala., 394; Church v. Noble, 24 Ill., 291; Canal, etc., Street Railway Co. v. Armstrong, 27 La. Ann., 433; Evarts v. Steger, 6 Ore., 55; Bragg v. Murray, 6 Munf., 32.

The said bond is further defective in that J. L. Williams is made principal in his individual capacity instead of in his capacity as executor.

WILLIAMS, ASSOCIATE JUSTICE.—Certified questions from the Court of Civil Appeals for the First District, as follows:

"Plaintiffs in error, J. L. Williams, executor of the estate of Larissa Williams, deceased, and Emily Pudor, joined by her husband O. M. Pudor, instituted this suit in the District Court of Harris County against Y. E. Wiley, C. P. Peterson, Andrew Peterson, S. O. Peterson, Henry Hahl, G. Lindstredt, John Johnson, A. J. Bratten, Andrew J. Johnson, John Larsen, Niles Lindburg, Emma Larsen, Mildred Larsen, Selma Larsen, Clara Larsen, J. I. Damson, H. L. Hahl, Stephen Wolick, Joe Wolick, Joe Wolick, Jr., Mrs. Augusta Martens, B. F. Ridgway, John A. Clauson, W. R. Hollengworth, Frank Rohla, Joe Stasney, Frank Stasney, C. H. Kinney, A. J. Brown, Surd Severtson, Nels Thompson and James M. Kelly, to recover the title and possession of a tract of 640 acres of land described in plaintiff's petition by metes and bounds. In addition to the usual allegations in an action of trespass to try title the petition contains the following:

" 'These plaintiffs further show to the court that the real question involved in this cause is a question of boundary, and the true location of the above described survey of land with reference to the following sur-

rounding surveys, to wit: The L. Hemenway surveys, there being three of them in number, calling for 640 acres each; the A. Whitlock surveys, there being two of them in number, calling for 640 acres each; the W. Gregory surveys, there being four of them in number, calling for 640 acres each; the S. T. Champney surveys, there being two of them in number, calling for 640 acres each; the Washington County railroad lands, sections No. 1 and No. 2, calling for 640 acres each; the A. Weld surveys, there being two of them in number, calling for 640 acres each, one of which said surveys is that described hereinbefore, by metes and bounds; the C. Ware survey, calling for 640 acres, and four surveys surveyed by the H. T. & B. Railroad Company, calling for 640 acres each, and one survey made for John H. Ruby, calling for 202 acres.

" 'That the above mentioned defendants are the owners and claimants of the various portions of the above mentioned surveys of land, which surround the land owned by these plaintiffs; which said defendants, while claiming to be the owners of the surrounding surveys of land, unlawfully entered upon these plaintiffs' land, as hereinbefore mentioned and have unlawfully dispossessed these plaintiffs of their land.

" 'And these plaintiffs pray for judgment establishing the true boundary of each of the above mentioned surveys of land, and the boundary of these plaintiffs' land, with reference to the above mentioned surveys, and for a writ of possession against all of said defendants, for their land as hereinbefore described, and as this court may find the true boundaries to be.

" 'These plaintiffs charge that as originally surveyed, and as will appear from the calls for the adjoining surveys and corners thereof, plaintiffs are as a matter of fact the owners of more than 640 acres of land.

" 'Plaintiffs show that in the original patent No. 284, the east boundary line of said survey calls for 2360 varas, while as a matter of fact said east boundary line of said survey is 2978 varas. That the west boundary line of said survey in said patent calls for 3338 varas, while said line is in fact 4071 varas, as found upon the ground. And that the land included within the bounds of said patent, when running to the corners of the adjacent surveys called for therein, will make said lines as above mentioned.

" 'These plaintiffs further show to the court that the section of country in which the above mentioned surveys of land are located is an open prairie country, and that said surveys are located by calls for natural objects on the east and west, and for older, well established surveys, the lines and corners of which are found upon the ground; which said surveys are located upon the east, west, south and north of the above mentioned surveys; that by reason of the calls for these older and well established surveys a portion and the greatest number of the surrounding surveys to plaintiffs' land are short in quantity and the defendants have encroached upon plaintiffs' land from all sides and directions, thereby completely ousting plaintiffs from this land; and that in order

to permanently and finally settle these plaintiffs' title to the land herein described, which is owned and claimed by them, it will be necessary for this court to direct a survey of the various surveys mentioned above, and to establish the respective corners of each with reference to the older surrounding surveys, and with reference to each other, and with reference to the land claimed by these plaintiffs.

"'And these plaintiffs pray this court for such an order, and that the lines and boundaries of all of the above mentioned surveys be established and marked, and laid out upon the ground; and that the lines and corners of the land hereinbefore described as being that owned by these plaintiffs be established upon the ground, and that the defendants be forever barred from claiming the same, or any part thereof.'

"All the defendants answered except Augusta Martens and Nels Thompson, and upon the trial in the court below judgment was rendered for the plaintiffs against all of the defendants for the title and possession of the tract of land sued for and fixing the boundaries of said land as prayed for. As fixed by this judgment the boundaries of plaintiffs' land include land on the W. C. R. R. survey No. 2, claimed by the defendant C. H. Kinney, and on the S. T. Champney survey No. 93, claimed by the defendants, John A. Clauson, Joe Stasney, Joe Wolick, Jr., Stephen Wolick and W. R. Hollengsworth. None of the land claimed by the other defendants is included within the boundaries of plaintiffs' land as fixed by this decree. From this judgment the six defendants last above named appealed to this court and in order to perfect their appeal filed a bond payable to the plaintiffs and all of the other defendants, who were thus made parties appellees in said appeal. The plaintiff, J. L. Williams, also gave notice of appeal from said judgment but filed no bond and no cross-assignments of error. The other plaintiffs did not appeal.

"Upon the hearing on appeal in this court the judgment of the court below was reversed and judgment rendered for the appellants fixing the boundaries of their land as claimed by them and adjudging that plaintiffs take nothing as against them. As to the other defendants who had not appealed the judgment of the court below was undisturbed. Our opinion on this appeal is found in 66 S. W. Rep., 702.

"After the mandate on this appeal had been filed in the court below the plaintiffs sued out a writ of error against the defendants who had not appealed from the judgment and who were coappellees with plaintiffs on the appeal of the defendants Clauson and others. The defendants in this writ of error have filed a motion to dismiss same on the ground that the former appeal was res adjudicata of all matters involved in this suit as between all of the parties to that appeal, and that it would in effect be granting plaintiffs in error the right to two appeals from the same judgment to allow them to prosecute this writ.

"Question. Should the motion to dismiss be sustained on the ground stated? The bond filed by plaintiffs in error is conditioned as follows:

"'Now therefore. know all men by these presents, that we, J. L.

Williams, O. M. Pudor and Emily Pudor, as principals, and W. A. H. McCawley and Wm. A. Wilson as sureties, acknowledge ourselves to owe and be indebted to W. E. Wiley, Eric Peterson, Andrew Peterson, S. O. Peterson, Henry Hahl, G. Lindstredt, John Johnson, A. J. Bratten, Andrew J. Johnson, John Lawson, Niles Lindsburg and Emma Larsen, conditioned that J. L. Williams, executor of the estate of Larissa Williams, O. M. Pudor and Emily Pudor, who are styled plaintiffs in error, shall prosecute their writ of error with effect, and shall pay all costs which have accrued in the court below and which may accrue in the Court of Civil Appeals and the Supreme Court.'

· "Question. Is this bond sufficient to give this court jurisdiction of this cause so as to authorize it to allow a new bond to be filed under article 1025 of the Revised Statutes?"

1. The motion should not be sustained upon the ground stated. The certificate, in connection with the report of the former decision referred to, indicates that the court did not adjudicate any controversy between the plaintiffs in error and any of the defendants except those who were appellants in that proceeding. We are not called upon to determine what would have been the effect had the court, upon the record then before it, affirmed the judgment of the district court, since the court evidently treated the case as one involving severable controversies, and the appeal as bringing before it only those existing between the plaintiffs and the defendants against whom the judgment of the district court went; and to a determination thereof the judgment was expressly restricted. The question now is not what the court might have done, but what it did. The determination made as to the character of the action, the scope of the appeal and the proper judgment to be rendered is, so far as we can see, as conclusive as is the decision upon any other point involved. When the court thus determined that the issues between the plaintiffs and the defendants who had not appealed were not before it for adjudication, it expressly refrained from deciding them, and the contention that this was an adjudication of those issues is a contradiction of the decision on that point. If it were conceded that power existed in the court to render a judgment which would have finally determined all questions between all parties, it is still true that such judgment was not rendered. At least we understand the certificate to so state. The rule of law applicable to such a judgment is stated in Teal v. Terrell, 48 Texas, 508: "While it is not controverted, that, as a general principle, the judgment or decree of a court of competent jurisdiction is not only final as to the matters actually determined thereby, but also upon all matters properly involved in the issue passed upon and determined by the court; and that all matters put in litigation in a previous suit, and which could have been adjudicated therein, are concluded by it. Foster v. Wells, 4 Texas, 101; La Guen v. Gouverneur, 1 Johns. Cas., 437. But certainly it can not be so held where the record clearly shows that the matter in question was not in fact passed upon or adjudicated by the court." James v. James, 81

Texas, 380; Groesbeck v. Crow, 91 Texas, 77. Not only did the court restrict its action to the issues raised between the appellants therein and the plaintiffs, but virtually adjudicated that the appeal brought up nothing else. This was in effect an adjudication that the present defendants in error were not entitled to any action upon the issues between them and plaintiffs.

2. The second question is answered in the affirmative. The statute provides: "When there is a defect of substance or form in any appeal or writ of error bond, on motion to dismiss the same for such defect, the court may allow same to be amended by filing in the said Court of Civil Appeals a new bond, on such terms as the court may prescribe." This seems to allow the curing of defects of every character in such bonds, and we can see no good reason why, under such a statute, a new bond may not supply the omission of the penalty in the first as well as any other defect. It is true the statute requires a bond in an amount, and that it has been heretofore held that the giving of a bond is essential to the jurisdiction of the appellate court; but it can no longer be held that such jurisdiction can not be made to attach by a bond defective in substantial particulars. Hugo v. Seffel, 92 Texas, 414. If that which is filed is a bond, though a defective one, and appears to be an attempt to comply with the statute regulating writs of error, the jurisdiction necessarily attaches, because the court is empowered to entertain the the case and permit the party to comply with the law. We think it can not be successfully denied that the instrument in question is a bond. It is payable to and signed by the parties and sureties and has the condition required by the statute, and binds the obligors, at least, to pay the costs which the statute requires them to obligate themselves to pay. The defect is the mere absence of a penalty double the amount of such costs. That instruments which do not bind the obligors in any sum stated as a penalty, may yet be bonds, is recognized by some of our statutory provisions as well as the decisions under them. Rev. Stats., arts. 2256, 3241; Hicks v. Oliver, 71 Texas, 778; Munzeheimer v. Wickham, 74 Texas, 639. The bond shows on its face that it was filed as an attempt to comply with the statute in order to prosecute the writ of error, complies in most respects with the statute, and must be held sufficient, under the liberal provision quoted, to give jurisdiction to the court, and to entitle plaintiffs in error to file a new one. It may, indeed, be seriously doubted whether or not, with such a statute in force, it should longer be held that the jurisdiction of an appellate court at all depends on the giving of a bond.