LILLIAN VINEYARD V. PAUL MCCOMBS ET AL.

Decided December 6, 1905.

**Appeal—Bond—Jurisdiction.**

The filing of an appeal bond (or affidavit of inability) within the time prescribed by law is necessary to give jurisdiction to the Court of Civil Appeals.

Appeal from the District Court of Travis County. Tried below before Hon. George Calhoun.

*D. McNeil Turner,* for appellant.

KEY, ASSOCIATE JUSTICE.—Appellant has filed a motion suggesting a question of jurisdiction. In the motion it is stated that through inadvertence the appeal bond was not filed within the time prescribed by statute; and we are asked to decide whether this court has jurisdiction of the appeal, and, if not, to permit appellant to withdraw the transcript and briefs on file.

As the present statute is so broad in permitting an appellant to cure defects in appeal bonds, our Supreme Court has expressed a doubt as to whether any bond is essential to confer jurisdiction. (Williams v. Wiley, 96 Texas, 153.) However, we are of opinion that it was not the intention of the Legislature to permit an appeal without filing something in the nature of a bond or a pauper's oath; and we are also of opinion that, in order to confer jurisdiction, the bond or oath must be filed within the time prescribed by statute. Hence we hold that this court has no jurisdiction of this appeal.

Appellant will be permitted to withdraw the transcript and her briefs.

*Appeal dismissed.*