### AMERICAN RY. EXPRESS CO. v. STOLL. (No. 1440.)

(Court of Civil Appeals of Texas. El Paso. March 1, 1923.)

**Justices of the peace ☞159(12)—Appeal bond held amendable.**

Where the bond on appeal from the judgment of a justice court to the county court at law for Eastland county, as provided by Acts 36th Leg. (1919) 2d Called Sess. c. 16 (Vernon's Ann. Civ. St. Supp. 1922, arts. 1811—146 to 1811—156), creating a county court at law for that county, omitted the words "at law," in refusing to permit a new bond to be filed to supply the omission and dismissing the appeal, there was error. Rev. St. art. 2104.

Appeal from Eastland County Court at Law; J. H. Jones, Judge.

Action by J. E. Stoll against the American Railway Express Company. From an order dismissing its appeal from justice court, defendant appeals. Reversed and remanded.

Thompson, Barwise, Wharton & Hiner, of Fort Worth, and Conner & McRae, of Eastland (A. M. Hartung, of New York City, of counsel), for appellant.

L. R. Pearson, of Ranger, for appellee.

HIGGINS, J. Stoll recoverd a judgment against appellant in the justice court of Eastland county. Under Acts 36th Leg. c. 16, 2d Called Session (Vernon's Ann. Civ. St. Supp. 1922, arts. 1811—146 to 1811—156), the county court at law of Eastland county was created, and that court was the proper appellate tribunal. Appellant appealed, giving a bond which was defective in that it recited that the appeal was taken "to the county court of Eastland county, Tex."

The appeal was filed and docketed in the county court at law. Stoll moved to dismiss the appeal upon the ground that the appeal bond appealed the cause to the county court, and that the county court at law had acquired no jurisdiction of the appeal. Appellant thereupon tendered a new bond in proper form with solvent sureties. Notwithstanding this tender, the court dismissed the appeal.

It is agreed that the only question presented is whether or not the omission of the words "at law" after the word "court" in the original bond rendered the same so defective that it could not be amended.

The bond was a manifest attempt to perfect an appeal to the proper appellate tribunal in Eastland county. It was clearly amendable. The court erred in refusing to permit the new bond to be filed and in dismissing the appeal from the justice court. Article 2104, R. S.; Williams v. Wiley, 96 Tex. 148, 71 S. W. 12; Oliver v. Lone Star, etc. (Tex. Civ. App.) 136 S. W. 508.

Reversed and remanded.