### FRED PILLOW v. MRS. ROSA McLEAN.

No. 7026. Decided December 11, 1935.
(88 S. W., 2d Series, 702.)

*W. H. Russell,* of Hereford, for plaintiff in error.

Only one final judgment can be rendered, ordinarily, and especially in this case, and any bond sufficiently describing the judgment by number, names of the parties, date, and court sufficiently describe the same. McConnell v. Libecap, 38 S. W. (2d) 408; Stroud v. Ward, 36 S. W. (2d) 590; 3 Texas Jur., 345, sec. 241.

*Cowsert & Cowsert,* of Dimmitt, for defendant in error.

Defendant having failed to file any bond appealing from that part of judgment sustaining the demurrer and exceptions to his cross-action, did not appeal therefrom, and the Court of Civil Appeals had no jurisdiction of the case, and as the matter was jurisdictional that court could dismiss the cause on its own motion. International-Great Northern R. R. Co. v. Smith, 269 S. W., 886; Lynch v. Bernhart, 201 S. W., 1051; 3 Texas Jur., 326, par. 224.

MR. JUDGE HICKMAN of the Commission of Appeals delivered the opinion for the court.

We adopt the following statement made by the Honorable Court of Civil Appeals:

"The appellee, Mrs. McLean, filed this suit in trespass to try title to recover title and possession of the west one-half of section No. 38, in Block O-4, Castro County.

"The defendant answered by general demurrer, plea of not guilty, and by way of cross-action sought to recover damages by reason of the alleged breach of an executory contract for

the sale of said land executed by the parties on January 14, 1929. The contract is attached to and made a part of defendant's answer. He prayed that in the event plaintiff should recover the land, that he have judgment over against her for all sums of money he had paid, together with the value of the improvements he had placed upon the land, and interest, with costs of suit.

"The plaintiff replied by supplemental petition, which contains a general demurrer to the cross-action and several special exceptions. Exception No. 7, which was sustained by the court, is as follows: 'Plaintiff specially excepts to all that part of defendant's cross-action filed herein, wherein he alleges the breach of contract and seeks damages for such breach, because it appears from the face of defendant's pleading that defendant's right of action under said contract accrued more than four years before the filing of said cross-action, or the filing of this suit, and that the same is barred by the statute of limitation, and of this she prays judgment of the court.'

"The judgment recites that the court heard and sustained plaintiff's general demurrer and special exception No. 7 to the defendant's cross-action; that the defendant refused to amend; and that the cross-action was in all things dismissed. It further recites that the court then heard the case upon its merits; and based upon plaintiff's evidence and defendant's admission in open court that plaintiff had title to the land in question and was entitled to the land in question and was entitled to possession thereof, the court then decreed that Mrs. McLean recover from the defendant, Fred Pillow, the title and possession of the land in controversy, and that Pillow take nothing by reason of his cross-action. It further recites that to the ruling of the court sustaining plaintiff's general demurrer and special exception No. 7 to the defendant's cross-action and dismissing said cross-action, the defendant excepted, and gave nothing of appeal to this Court." 86 S. W. (2d) 646.

In due time the defendant filed an appeal bond correctly stating the number of the cause, the names of the parties, the court in which same was tried, and the date of the judgment. The only description of the judgment was in this language:

"On November 7th, A. D. 1934, the Plaintiff, Mrs. Rosa McLean, recovered a judgment against the defendant, Fred Pillow, in trespass to try title for the title and possesion of the following described land lying and being situated in Castro County, Texas, to-wit:"

This bond was approved by the clerk of the trial court and the record timely filed in the Court of Civil Appeals. No objection to the bond was urged by the appellee in the Court of Civil Appeals, but that court, upon its own motion, dismissed the appeal upon the ground that no appeal bond was filed at all from that part of the judgment sustaining the demurrer and exception to the cross-action.

To the aplication for writ of error in this court the defendant in error has replied, waiving the right of oral argument and agreeing that the case may stand submitted upon the application and answer, together with the record in the Court of Civil Appeals. We have granted the application for writ of error, and, on the authority of Rev. Stat., Art. 1744, and Supreme Court Rule No. 5, we proceed, without further delay, to decide the case.

That the plaintiff in error attempted to appeal from that part of the judgment dismissing his cross-action, we have no doubt. His brief in the Court of Civil Appeals contains only two assignments of error, one complaining of the action of the trial court in sustaining the plaintiff's general demurrer to his cross-action, and the other complaining of the action of that court in sustaining the plaintiff's special exception to his cross-action. The main purpose of a bond on appeal is to afford security for the adverse party. There is no requirement that an appeal bond describe the judgment in detail. If that judgment is sufficiently identified as the one appealed from, and the other requirements of the statute are met, the purpose of the bond has been fully served. Frierie v. Cloudt, 67 S. W., 890; Texas & Pac. Ry. Co. v. Fields, 63 S. W., 653; McCamey v. First National Bank of Wichita Falls, 75 S. W. (2d) 911.

Article 1840, R. S. 1925, reads as follows:

"When there is a defect of substance or form in any appeal or writ of error bond, then on motion to dismiss the same for such defect, the appellate court may allow the same to be amended by filing in such appellate court a new bond, on such terms as the court may prescribe."

In construing that article this Court, speaking through Justice Williams, in Williams v. Wiley, 96 Texas, 148, 71 S. W., 12, used this language:

"The bond shows on its face that it was filed as an attempt to comply with the statute in order to prosecute the writ of error, complies in most respects with the statute, and must be held sufficient, under the liberal provision quoted, to give jurisdiction to the court, and to entitle plaintiffs in error to file a new one. It may, indeed, be seriously doubted whether or not,

with such a statute in force, it should longer be held that the jurisdiction of an appellate court at all depends on the giving of a bond."

Under the broad provisions of the statute, and the liberal views of this court in construing same, as reflected by the above quotation, there is no doubt that the bond was amendable, but it is our view that sufficient protection is afforded the adverse party and the officers of the court by the bond filed in this case, and there is, therefore, no necessity for an amendment.

The judgment of the Court of Civil Appeals dismissing the appeal is reversed and the cause is remanded to that court to be disposed of on its merits.

Opinion adopted by Supreme Court December 11, 1935.