ROBERT E. NEELEY ET AL V. COUNTY OF TARRANT.

No. 7128. Decided February 1, 1939.
(124 S. W., 2d Series, 101.)

358

*Perkins & Culbertson, Price & Christopher* and *William E. Dahl,* all of Fort Worth, for appellant.

*Samuels, Foster, Brown & McGee,* all of Fort Worth, for appellee.

MR. PRESIDING JUDGE SMEDLEY declivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals at Fort Worth has certified to this court three questions arising out of the following facts set out in the certificate and appearing in the transcript:

On February 27, 1935, after trial without a jury, judgment was rendered in the district court of Tarrant County in favor of appellee, the county, against appellants Robert E. Neely and American Surety Company of New York for $3,316.50. The judgment as entered recited that both Neely and the surety company, defendants in the trial court, in open court excepted and gave notice of appeal to the Court of Civil Appeals for

the Second Supreme Judicial District. On March 8, 1935, the defendants filed separate motions for new trial. The motion of Neely, omitting the number and style of the case, the designation of the court and the signatures of the attorneys, is as follows:

"Now comes Robert E. Neely, one of the defendants in the above entitled and numbered cause, and moves the Court to set aside the judgment heretofore rendered against him, and to grant a new trial on the following grounds, towit:

### I.

"Because the verdict is contrary to the undisputed evidence in this case.

### II.

"Because the judgment is contrary to the law.

"Wherefore, this defendant prays that the judgment be set aside and that he be awarded a new trial herein."

The motion of American Surety Company of New York is in the same form and language as Neely's motion. Both motions were overruled on April 20, 1935, the order overruling them reciting that the motions were called to the attention of the court and presented to the court in due and lawful time and that the defendants in open court excepted and gave notice of appeal to the Court of Civil Appeals for the Second Supreme Judicial District.

The defendants joined in the execution and filing of an appeal bond which was filed on April 27, 1935. It correctly identifies and describes the judgment rendered, is in proper amount and is payable and conditioned as required by the statute. Immediately after the description of the judgment the following phrase appears in the bond: "from which judgment the said Robert E. Neely and the American Surety Company of New York desires to take an appeal to the Court of Civil Appeals for the Second Supreme Judicial District of Texas, sitting at Fort Worth, Texas." Nowhere in the bond is any mention made of the motions for new trial or of the order overruling them or of exception or notice of appeal on the part of the defendants after the making of the order overruling the motions.

Appellants' brief in the Court of Civil Appeals contains seven assignments of error, none of which, except possibly

the sixth, purports to be even a substantial restatement of either of the two grounds set forth in the motions for new trial. The first assignment of error in the brief is that the trial court erred in overruling defendants' special plea of the two years statute of limitations. The second, third and fourth assignments relate to the trial court's action in admitting evidence over defendants' objections. The fifth assignment complains of the rendition of judgment in favor of Tarrant County on the official bonds of defendant Neely, when the bonds were not made payable to Tarrant County and there was neither allegation nor proof that they were intended for the use of said county. The sixth assignment complains of the judgment as erroneous because there is not sufficient evidence in the record to support a judgment in favor of Tarrant County. The seventh assignment asserts that the judgment is erroneous because the evidence conclusively shows that the county auditor and the commissioners court approved the full reports made by Neely at the end of each year showing all amounts collected and not collected and all amounts paid.

The Court of Civil Appeals in its opinion filed May 1, 1936, held that the appeal should be dismissed because the appeal bond, which was filed on the fifty-ninth day after the judgment was rendered, was filed too late to give the Court of Civil Appeals jurisdiction. Pending decision of motion for rehearing the Court of Civil Appeals certified the following questions:

"(1) Are the formal motions for a new trial, filed by the appellants in the trial court, sufficient in law to predicate an appeal thereon by appellants?

"(2) If found to be sufficient on which to predicate an appeal, are appellants confined to the errors assigned in such motions for a new trial, together with fundamental errors, if any found of record?

· "(3) Is the appeal bond, worded as it is, sufficient to perfect an appeal from the order overruling the motions for a new trial?"

The civil district courts of Tarrant County are among those courts in which the rules of practice and procedure are prescribed by Article 2092, Revised Civil Statutes of 1925, as amended by Chapter 70, Acts of the Fifth Called Session of the Forty-first Legislature, page 227. By Sections 28, 29 and 31 of Article 2092 it is provided that a motion for new trial where required shall be filed within ten days after the judgment is rendered, and may be amended at any time before it is acted upon within twenty days after it is filed; that all mo-

tions and amended motions for new trial must be presented within thirty days after the original or amended motion is filed and must be determined within not exceeding forty-five days after the original or amended motion is filed, unless by written agreement the decision of the motion is postponed to a later date; and that, if no motion for new trial is filed, the appeal bond shall be filed within thirty days after the judgment is rendered, and, if a motion for new trial is filed, the appeal bond shall be filed within thirty days after the motion for new trial is overruled.

As above shown, the motions for new trial were filed within ten days after the judgment was rendered, were presented to the court within thirty days after they were filed and were overruled by the court within forty-five days after they were filed. The appeal bond was filed within thirty days after the motions for new trial were overruled, but not within thirty days after the judgment was rendered. Thus it appears that the appeal was perfected in due time unless the motions for new trial and the court's action in overruling them are to be disregarded.

■ Appellee contends that the motions for new trial were nullities because they brought nothing to the attention of the trial court and were wholly insufficient to point out any error committed on the trial, and that, even though they were considered and overruled by the court, they could not serve to extend the time for filing an appeal bond beyond thirty days from the time of the rendition of the judgment. This contention we cannot sustain. The motions were, because of their generality, insufficient to serve as assignments of error. They were, nevertheless, motions for new trial. They were so designated. They asked the court to set aside the judgment rendered and to grant a new trial, because the verdict (obviously meaning the trial court's conclusion as to the facts, the case having been tried without a jury) was contrary to the undisputed evidence and because the judgment was contrary to the law. The motions were entertained by the court as motions for new trial and as such were overruled. There was on the part of the appellants literal compliance with the provisions of the statute. They filed motions for new trial, presented them to the court and obtained determination of them by the court, all within the required time; and they filed their appeal bond within thirty days after the motions for new trial were overruled.

In Dittman v. Model Baking Company (Com. App.) 271 S. W. 75, motion for new trial was filed five days after the judgment was rendered and notice of appeal given, when the

applicable statute required that motions for new trial be filed within two days after the rendition of judgment. The statute further provided that notice of appeal be given within two days after final judgment or two days after judgment overruling a motion for new trial and that appeal bond be filed within twenty days after the giving of notice of appeal. Notwithstanding the fact that the motion was not filed within the required time, the trial court, before the end of the term, heard and considered the motion and overruled it. The plaintiff immediately gave a second notice of appeal, and within twenty days thereafter but twenty-five days after the rendition of the original judgment, filed an appeal bond. The Supreme Court affirmed the action of the Court of Civil Appeals in overruling a motion to dismiss the appeal, holding that, although the motion was filed after the expiration of the time fixed by the statute, yet when the trial court heard it and considered and overruled it, thus recognizing it as a motion for new trial, the statutory predicate for a notice of appeal and consequent bond was both literally and substantially laid. In so ruling Judge Robert W. Stayton, writing the opinion as commissioner, said:

"The particular document may be a bad motion, but since it has been entertained and overruled as a motion for new trial, it is not a void one, and the law expressly allows the further procedure of an appeal to be predicated upon it."

Dittman v. Model Baking Company was approved in Dallas Storage & Warehouse Co. v. Taylor, 124 Texas 315, 320, 77 S. W. (2d) 1031, and the principle which it announces was so applied, in construing Sections 29 and 30 of Article 2092, as to permit the trial court to entertain, within thirty days after the rendition of judgment, a motion for new trial filed after the expiration of ten days from the date of the judgment, and thus to extend the time within which the judgment becomes final, notwithstanding the mandatory language of Sections 29 and 30.

The motion for new trial in the Dittman case was "a bad motion," because it was filed after the expiration of the time within which the statute required it to be filed. Nevertheless it was not a void motion; and it was held that, when the court heard and overruled the motion, the statutory predicate for notice of appeal and consequent appeal bond was laid. Similarly, the motions for new trial filed herein by appellants were defective, were not good motions, because of their generality. But they were not nullities; and when the trial court accepted

them as motions and overruled them, the motions and the order overruling them were sufficient to constitute the statutory predicate for the filing of the appeal bond within thirty days after the overruling of such motions. We answer the first certified question in the affirmative.

■ The second question certified is answered by Craver v. Greer, 107 Texas 356, 179 S. W. 862 and Hess & Skinner Engineering Company v. Turney, 109 Texas 208, 203 S. W. 593. It was held in Craver v. Greer, by reason of Article 1991, R. S. 1911 (now Article 2210, R. S. 1925 and still in effect) and notwithstanding the provision in Rule 24 for the courts of civil appeals that a ground of error not distinctly set forth in a motion for new trial in the cause shall be considered as waived, that when a case is tried by the court without a jury no motion for new trial is required as a predicate for appeal. Rule 24 discussed in the opinion in Craver v. Greer remained unchanged until its amendment effective March 1, 1937, when it and Rule 71a for district and county courts were so changed as to conform to the statute and to the decision in Craver v. Greer by providing plainly that a motion for new trial is not required to be filed as a prerequisite to an appeal when the case is tried before the court without a jury. See 126 Texas v-vii, 99 S. W. (2d) xxix-xxx; Stillman v. Hirsch, 128 Texas 359, 99 S. W. (2d) 270.

In Hess & Skinner Engineering Company v. Turney, (supra) the court held that where there is a trial before the court without a jury, resulting adversely to an appellant who filed a formal motion for new trial insufficient as an assignment of error because of its generality, such appellant is entitled upon his appeal to have considered formal assignments of error thereafter filed and duly incorporated in the record and in form sufficient to challenge the trial court's conclusions of law and fact, an exception having been duly taken in the judgment overruling the motion for new trial but none having been taken to the conclusions of law and fact. Chief Justice Phillips, writing the opinion, said:

"In this case, the trial having been before the court without a jury, the appellant was entitled to appeal without filing a motion for a new trial (Craver v. Greer, 107 Texas 356, 179 S. W. 862), *and it was hence unnecessary that his assignments of error be related to his motion.*" (Our italics.)

The opinion in Hess & Skinner Engineering Company v. Turney construed Article 1612 R. S. 1911, amended by Chapter 136, Acts Regular Session Thirty-third Legislature (later

Article 1844, R. S. 1925) so as to permit the use of assignments in the motion for new trial as assignments of error on appeal. The amendment of Article 1844 in the year 1931 (Acts Regular Session Forty-second Legislature, Chapter 75), permitting an appellant to embody assignments of error in his brief without having filed them with the clerk of the trial court, in no way affected the rulings made in Craver v. Greer and in Hess & Skinner Engineering Company v. Turney, applicable to causes tried before the court without a jury, that a motion for new trial need not be filed as a prerequisite to an appeal and that, this being true, it is unnecessary that the assignments of error be related to the motion for new trial in the event a motion for new trial is filed in a cause so tried. From said decisions it follows that, even though the formal motions for new trial filed herein by the appellants are insufficient as assignments of error because of their generality, the appellants are entitled to have considered upon their appeal the formal assignments of error embodied in their brief in the Court of Civil Appeals.

To the second certified question we answer that appellants are not confined to the errors assigned in their motions for new trial, together with fundamental errors if any.

■ The third question certified relates to the sufficiency of the appeal bond. The form of the question suggests doubt on the part of the Court of Civil Appeals as to the sufficiency of the bond because it makes no reference to the motions for new trial or to the order overruling them or to the exception taken or the notice of appeal given after the motions were overruled.

The statute (Article 2265, R. S. 1925) does not prescribe the contents of an appeal bond further than to provide that it shall be a bond executed by the appellant, to be approved by the clerk, payable to the appellee, in a sum at least double the probable amount of the costs of the court below, the Court of Civil Appeals and the Supreme Court, to be fixed by the clerk, conditioned that such appellant shall prosecute his appeal with effect and shall pay all the costs which have accrued in the court below and which may accrue in the Court of Civil Appeals and the Supreme Court. The appeal bond filed by appellants meets all the requirements specified in the statute.

While there is no express requirement that the bond describe, or make reference to, the judgment, it is held that it should describe the judgment sufficiently to identify it. White v. Harris, 85 Texas 42, 19 S. W. 1077; Pillow v. McLean, 126 Texas 349, 88 S. W. (2d) 702; Wedgeworth v. Pope, 12 S. W.

(2d) 1045; Wilkes v. W. O. Brown & Company, 80 S. W. 844. It was held in the case last cited that an appeal bond, that made no attempt to describe or mention the judgment rendered in the trial court but merely stated that the court on a date named entered a judgment overruling the appellant's motion for new trial and that from such order appellant had taken an appeal, was defective because it did not identify the judgment rendered against appellant by the trial court. The bond filed by appellants in the instant case describes the judgment accurately and fully. There is no requirement in the statute that the bond describe or make reference to the order overruling the motion for new trial or the exception taken or notice of appeal given thereafter.

■ Article 1840, Revised Civil Statutes of 1925 (as also Article 1840a, Vernon's Annotated Texas Statutes, Chapter 187, Acts Regular Session Forty-second Legislature, in somewhat broader terms) provides in substance that when there is a defect of substance or form in an appeal bond the appellate court may allow the same to be amended. In view of this statute it is held that defects either of substance or of form in an appeal bond are not jurisdictional and are waived by failure to present objection to the bond by motion within thirty days after the transcript is filed. Williams v. Wiley, 96 Texas 148, 71 S. W. 12; Pillow v. McLean, 126 Texas 349, 88 S. W. (2d) 702; Roberts v. Stoneham, 31 S. W. (2d) 856. It is not shown by the certificate from the Court of Civil Appeals, or otherwise by the record, that appellee filed a motion presenting objections to the appeal bond within thirty days after the filing of the transcript in the Court of Civil Appeals. If the failure to make reference in the bond to the order overruling the motion for new trial be considered a defect, such defect appears to have been waived. It is our opinion, however, that the appeal bond is not defective either in substance or in form.

■ Appellee takes the position that, because the bond describes the judgment and not the order overruling the motion for new trial, the appeal is from the judgment and not from the order, and that the appeal should be dismissed because the bond was filed more than thirty days after the rendition of the judgment. In support of such position reference was made in the oral argument to decisions holding that a party may appeal from a portion of a final judgment which is distinct and severable. See: Slaughter v. Texas Life Insurance Company, 211 S. W. 350; Harding v. Watson, 91 S. W. (2d) 956. But to

accomplish an appeal from a distinct and severable portion of a judgment it must clearly appear from the face of the bond that the appeal is so limited. Otherwise the appeal carries up the entire case. Pillow v. McLean, 126 Texas 349, 88 S. W. (2d) 702; McCamey v. First National Bank, 75 S. W. (2d) 910 (reversed on another ground 130 Texas 148, 105 S. W. (2d) 879); Slaughter v. Texas Life Insurance Company, 211 S. W. 350, 352. There are no severable portions of the judgment rendered in the district court in favor of appellee against appellants. The bond describes the judgment rendered against both appellants and clearly discloses an intention to appeal from the whole of the judgment.

The argument, that the appeal was prosecuted from the judgment and not from the order overruling the motion for new trial and that, therefore, the bond was filed too late, assumes that, when a motion for new trial is filed and overruled, an appeal thereafter taken by filing an appeal bond, describing the order as well as the judgment, is an appeal from the order. The appeal in such case is an appeal from the judgment. The appellant's purpose in so appealing is to avoid the effect of the judgment which has been rendered against him. The filing of the motion for new trial and the order overruling it are steps in the accomplishment of that purpose. The appeal is *after* but not *from* the order overruling the motion.

We answer the third certified question as follows: The appeal bond, worded as it is, is sufficient to perfect the appeal.

Opinion adopted by the Supreme Court February 1, 1939.