396

## BERRY et al. v. CURTIS.
### No. 15127.

Court of Civil Appeals of Texas.
Fort Worth.
March 3, 1950.

Frank H. King, of Terrell, for appellants.

Saunders & Thurmond, and J. Byron Saunders, all of Tyler, for appellee.

McDONALD, Chief Justice. ·

Appellee recovered judgment against appellants in the trial court for the sum of $32,513.14 and foreclosure of lien on certain described real estate. Appellants filed a bond conditioned as a supersedeas bond in the principal sum of $2,000. Appellee has filed a motion alleging that said bond is insufficient in amount, and praying that an order be entered in this court requiring an additional bond.

If the bond was intended to have the effect of suspending any execution on the judgment, it should have been in a sum at least the amount of the judgment, interest and costs. Texas Rules of Civil Procedure, rule 364(a). If it was intended to have the effect only of suspending foreclosure against the specific real estate described in the judgment, it should have been in an amount fixed by the trial court, not less than the rents and hire of said real estate. Rule 364(c). The transcript does not show any order of the trial court fixing the amount of bond, made under the provision of the Rule last cited.

Authority is vested in this court under Rules 365–366 to require additional bond, and, if the additional bond be not filed, to issue an order to the trial court directing or permitting issuance of execution.

Appellants have filed a reply to the motion, contending that any defects in the supersedeas bond, of either form or substance, were waived by failure of appellee to present objections to the bond by motion filed within thirty days after the transcript was filed in the Court of Civil Appeals, citing Rules 404 and 430, and the following decisions: Williams v. Wiley, 96 Tex. 148, 71 S.W. 12; Pillow v. McLean, 126 Tex. 349, 88 S.W.2d 702; Roberts v. Stoneham, Tex.Civ.App., 31 S.W.2d 856; Neely v.

Tarrant County, 132 Tex. 357, 124 S.W.2d 101; Keys v. Alamo City Baseball Co., Tex. Civ.App., 142 S.W.2d 694.

Rule 404 provides: "All motions relating to informalities in the manner of bringing a case into court shall be filed and entered by the clerk on the motion docket within thirty days after the filing of the transcript in the Court of Civil Appeals, otherwise the objection shall be considered as waived, if it can be waived by the party."

Rule 430 provides: "When there is a defect of substance or form in any appeal or writ of error bond, then on motion to dismiss the same for such defect, the appellate court may allow the same to be amended by filing in such appellate court a new bond, on such terms as the court may prescribe."

The cited cases declare the rule thus set out in Neely v. Tarrant County, supra [132 Tex. 357, 124 S.W.2d 105], "In view of this statute it is held that defects either of substance or of form in an appeal bond are not jurisdictional and are waived by failure to present objection to the bond by motion within thirty days after the transcript is filed."

■ The cited cases involved appeal bonds and in none of them was there a motion to require an additional supersedeas bond. The matter before us does not concern mere "informalities in the manner of bringing a case into court * * *." Rule 404. It involves the right of appellants to suspend execution on the judgment. We are not able to believe that Rule 404 was intended to apply to such a situation. The language of Rules 364 to 368 clearly implies that the question of sufficiency of a supersedeas bond may be presented to the appellate court at any time while the appeal is pending.

It is ordered that appellants, Vera P. Street, James Anderson and Lester Stewart, be and they are hereby required, within twenty days after a copy of this order is served upon them or their attorneys of record, to give an additional supersedeas bond, either in the sum of Thirty-five Thousand Dollars if they desire to suspend all execution on the judgment, or in such amount as the trial court may fix if they desire only to suspend foreclosure against the specific property described in the judgment, to be filed with and approved by the clerk of this court, and if such bond is not given within the time mentioned, the clerk of this court will issue an order to the trial court directing and permitting the issuance of execution on the judgment here appealed from. Houston Gas & Fuel Co. v. Perry, Tex. Sup., 79 S.W.2d 623.

If an order fixing the amount of such bond be entered by the trial court under the provisions of Rule 364(c) and if the amount fixed by him be not greater than $2,000, the amount of the bond now on file, appellants need not file an additional bond, but in such case the judgment shall be suspended only as is provided for in such cases by Rule 364(c).

If no further bond be filed, the bond now on file will be treated as a sufficient cost bond. Rule 366.

It is further ordered that the clerk of this court shall issue and have served all notices hereinabove provided for, and that the giving of any additional bond hereunder shall not release the liability of the surety under the original supersedeas bond.