The writ is granted, and the relator is ordered discharged.

## STATE v. CLEMENT et ux.

### No. 4883.

Court of Civil Appeals of Texas. El Paso.
May 28, 1952.

Rehearing Denied June 18, 1952.

Neilson Rogers, Sherman (Joe G. Rollins, Sherman, of counsel), for appellant.

Wilson F. Walters, Denison, for appellees.

McGILL, Justice.

This is an appeal from a judgment of the County Court at Law of Grayson County. The judgment was rendered in a condemnation proceeding instituted by Grayson County through its Commissioners' Court in behalf of the State of Texas, to condemn a designated tract of land for right of way for farm to market Highway No. 120, a State highway. The land was owned by appellees. On answers to special issues submitted the court rendered judgment in favor of appellees against appellant for $2500 "for the portion of their land which was condemned and for their damage to the remaining tract."

We are met at the outset with appellees' motion to dismiss the appeal. This motion was overruled by the Court of Civil Appeals for the Fifth Supreme Judicial District "without prejudice to appellees' right to renew the same on submission on the merits." The grounds of the motion are: The judgment was rendered on Friday the 28th day of September, 1951, and with its filing appellant filed a formal motion for a new trial. The term of the County Court at Law of Grayson County at which the judgment was rendered expired at midnight on Saturday, September 29, 1951, this being the Saturday before the first Monday in October, 1951, which was October 1,

1951. The formal motion was not presented to the court for action and no action was taken on it by the court. The grounds of this motion are couched in such general terms that clearly they are insufficient to form the basis for any of the points of error presented in appellant's brief.

It is appellees' contention that since this case was tried to a jury under Rule 324, Texas Rules of Civil Procedure, even though the judgment was not rendered five days before the adjournment of the court for the term but was rendered within such five day period, and appellant was not required to file a motion for a new trial as a prerequisite to an appeal, yet since it did file such a motion within the time required by Rule 320(a), T.R.C.P. it is bound by such motion and is confined to the errors assigned therein. The contrary was held in Neely v. Tarrant County, 132 Tex. 357, 124 S.W.2d 101, 104, citing Craver v. Greer, 107 Tex. 356, 179 S.W. 862, where the trial was before the court and the statute provided in substance that in such cases a motion for a new trial was not necessary. Rule 324 expressly excepts from its requirement that a motion for a new trial be filed as a prerequisite to an appeal in cases tried before the court without a jury. By its terms this requirement is also inapplicable to cases in which the judgment is rendered less than five days before the expiration of the term. We can see no valid reason for applying the provisions of this rule requiring filing a motion where the term expires in less than five days just because appellant has filed such a motion, and not applying it where the case is tried by the court and such motion is filed. We overrule appellees' contentions and motion to dismiss.

Appellant has presented eight points of error. Since in our opinion the disposition of point 4 is decisive of this appeal, we shall discuss this point only. Point 4 is to effect that reversible error was committed by the trial court in allowing the witness Varner, a real estate dealer, to testify over objection as to unaccepted offers which he had received for the land in question. The property was not listed with Varner for sale. He testified he was told about it by some garage man, and tried to negotiate a purchase of it some time during the year preceding the year of the trial; that he had an offer from some man from Amarillo. The first offer was $3,000 and he finally offered $3,500 but he was unable to buy the land, that offer was turned down.

Apparently the court admitted this testimony on appellees' theory that the witness was engaged in the real estate business and was an expert and competent to testify as to what came to his knowledge as a real estate dealer. We know of no such exception to the well recognized rule that such evidence is inadmissible to establish market value in a condemnation proceeding or any other proceeding where the question of market value is involved.

Abramson v. City of San Angelo, Tex. Civ.App., 210 S.W.2d 476, loc.cit. 477 (1) and authorities there cited. Appellees in their brief argue at length that such evidence is not hearsay. This is not the question as we see it. Had the prospective buyer been present his testimony as to any unaccepted offer made to Varner or to appellees would not have been admissible—not because it would have been hearsay, but because it was not competent to show market value.

That the admission of this testimony was prejudicial to appellant we think apparent. The judgment is therefore reversed and the cause remanded.