**MARYLAND CASUALTY COMPANY,**
Appellant,

v.

Jerrie Dell JONES, Appellee.

No. 13964.

Court of Civil Appeals of Texas.

Houston.

June 7, 1962.

Delcourt & Hoppas, Paul E. Delcourt, Jr., Houston, for appellant.

Bryan & Patton, E. H. Patton, Jr., Houston, for appellee.

WERLEIN, Justice.

Appellant, as subrogee of its insured, Mrs. W. W. Stanfield, sued appellee, Jerrie Dell Jones, to recover damages to the insured's automobile caused by the negligence of appellee. The jury in answer to special issues found appellee guilty of negligence and found the value of the automobile to be $1195.00 immediately before the collision and $200.00 immediately afterward. Appellant's motion for judgment in the sum of $903.50, the amount prayed for in its petition, was denied, and the court rendered judgment on September 28, 1961, for appellee non obstante veredicto. Appellant's motion for new trial, which was timely filed, was overruled on October 30, 1961.

■ Appellant assigns error on the part of the court in overruling its motion for judgment because it was entitled to judgment upon the pleadings, evidence, law and verdict of the jury. We think this assignment of error, which is also contained in appellant's motion for new trial, although general, should be considered by this Court in view of the jury verdict in favor of appellant and the court's action in overruling the motion to enter judgment thereon. Appellant, under Rule 324, Texas Rules of Civil Procedure, was not required to file a

motion for new trial in this case. Since, however, it did file such motion, its time for filing the transcript and perfecting its appeal began to run from the time the motion for new trial was overruled. Park v. Essa Texas Corporation, 1958, 158 Tex. 269, 311 S.W.2d 228.

In Neely v. Tarrant County, 132 Tex. 357, 124 S.W.2d 101, 103, the appellee contended that the motions for new trial could not be considered because insufficient to point out any error committed by the trial court. The court, however, refused to sustain such contention and held that although the motions, because of their generality, were insufficient to serve as assignments of error, they nevertheless were motions for new trial and were so designated and were so treated by the trial court in overruling them.

■ In the instant case appellee contends that we cannot consider the more specific assignments of error in appellant's brief because not contained in its motion for new trial. Rule 323, T.R.C.P., relied upon by appellee, is expressly limited to cases tried by a judge without a jury, and is inapplicable to this case in which there was a jury and jury verdict. It is our view that in a case such as this where the court has overruled a motion to enter judgment on the jury verdict and the appellant is not required to file a motion for new trial, he may incorporate in his brief assignments not included in the motion for new trial or related thereto as an appellant could do in non-jury cases prior to the adoption of Rule 323, T.R.C.P. Neely v. Tarrant County, Tex.Com.App., 132 Tex. 357, 124 S.W.2d 101, 104; State v. Clement, Tex.Civ.App., 252 S.W.2d 587; Hastings, Central Sur. Ins. Co., Intervenors v. Texas & Pacific Railway Company, Tex.Civ.App., 313 S.W.2d 344. If we are mistaken in this last conclusion, we nevertheless hold that the error of the court in overruling the motion to enter judgment on the verdict of the jury in this case may be considered under the general assignment contained in both the brief and motion for new trial.

In appellant's more specific assignments of error in its brief, which constitute in effect only alleged reasons why the trial court did not enter judgment, complaint is made that the court erred in holding that appellant did not adequately prove it was subrogated to the right of its insured because it did not introduce in evidence its policy of insurance. Appellee contends that should this Court hold that there is some evidence of a right of subrogation and some evidence to raise a fact issue as to the amount of damages, any finding thereon would be against the great weight and preponderance of the evidence. We do not agree with this contention.

Appellant alleged that it paid the insured $1100.00 which represented the market value of the car less $100.00 deductible, to replace the car which was destroyed; that thereafter appellant was able to recover $193.50 salvage which reduced its loss to $906.50, for which it prayed judgment. In its prayer it asked for $903.50. The difference in the figures was probably due to inadvertence. The evidence shows that the car was damaged beyond repair; that the insured received payment from appellant for the repairs to the automobile; that the amount received from appellant was $1180.00, according to Stanfield's recollection. Mr. Stanfield was then asked, "Now this money you received represented the consideration for repairs to the automobile?" He answered, "That was for total damage, total loss."

The testimony with reference to the damage and loss, payment and receipt of money, was directly referable to the insured automobile. No other damage or loss was pled or at any time inquired about or testified to. We think this evidence is sufficient to show that the amount paid by appellant was for the destruction of the car and nothing else. On the jury verdict, which was amply supported by the evidence, appellant was entitled to recover $995.00 except for the fact that it limited its recovery to $903.50 by asking in its prayer for only that amount.

In its pleading appellant alleged that it became subrogated to the rights of the insured. The record shows that Mr. Stanfield was shown what was called a "Sworn Statement in Proof of Loss," which he identified. He testified it was executed by his wife in his presence. Appellant then introduced such instrument in evidence as its Exhibit No. 6 for the limited purpose of showing the subrogation agreement contained therein, and it was so received in evidence. Thereafter appellant's attorney read to the jury the subrogation clause, which is as follows:

"The Insured hereby covenants that no release has been or will be given to or settlement or compromise made with any third party who may be liable in damages to the Insured and the Insured in consideration of the payment made under this policy hereby subrogates the said Company to all rights and causes of action the said Insured has against any person, persons, or corporation whomsoever for damage arising out of or incident to said loss or damage to said property and authorizes said Company to sue in the name of the Insured but at the cost of the Company any such third party, pledging full cooperation in such action."

Following this, counsel for appellee asked, "Now, Your Honor, do I understand that's the only part of the instrument that is being offered?" to which appellant's counsel volunteered, "Right."

Mr. Stanfield then testified that he subsequently received payment from appellant and cashed the draft.

As we view the proceedings, the exhibit was introduced for the limited purpose of showing the *subrogation agreement* and not merely the *subrogation clause*. We think appellant's counsel in volunteering "Right" really intended to state that the subrogation clause was all he cared to read to the jury. The exhibit had already been introduced in evidence to show the subrogation agree-

ment. Such agreement named the parties, described the subject matter, showed the value of the car at the time of loss, and constituted a subrogation agreement which had the effect of assigning to appellant Stanfield's cause of action. We think it was unnecessary to do more. Other evidence showed that appellant had paid the amount of damages to the car and that the same had been received by Mr. Stanfield. The subrogation agreement specifically subrogates appellant to all rights and causes of action of the insured against any person, persons or corporations for damage arising out of or incident to the loss and damage to property. It, therefore, gave appellant the right to sue for and recover from appellee the amount that the insured might have recovered from appellee for destruction of his car, had the suit been brought in the name of the insured.

We think appellee's contention that it was necessary for appellant, in order to make out its case, to introduce in evidence the insurance policy which it had issued to the insured, is without merit. Appellee largely relies on cases in which no subrogation agreement was proven, or cases such as Aetna Insurance Company v. Klein, Tex. Sup.1959, 160 Tex. 61, 325 S.W.2d 376, which hold in effect that it is necessary for a policyholder suing on a policy to introduce it in evidence.

In the instant case appellant is not suing on the insurance policy. The policy is a matter strictly between it and its insured. It is suing for subrogation under a sworn subrogation instrument executed by the insured. The insured could have assigned such right of subrogation or assigned the chose in action in question to appellant even if appellant had not issued the insurance policy. The introduction in evidence of the subrogation instrument for the purpose of showing subrogation is a complete answer to appellee's contention that without introduction of the policy appellant was a mere volunteer and had no right to maintain the present cause of action.

We have examined the record and have concluded that the trial court erred in overruling appellant's motion to enter judgment on the verdict of the jury for the amount of $903.50 sued for.

Judgment reversed and rendered.