Evans, Pharr, Trout & Jones and Carlton B. Dodson, Lubbock, for appellants.

Vernon A. Townes, Denver City, for appellees.

JOY, Justice.

**B. F. WALKER, INC., et al., Appellants,**

**v.**

**D. B. CHANEY et al., Appellees.**

**No. 7951.**

Court of Civil Appeals of Texas.

Amarillo.

July 21, 1969.

Rehearing Denied Sept. 8, 1969.

Suit for damages caused by auto-truck collision. From an order granting new trial, defendants filed this appeal.

This statement of the case is taken verbatim from appellants' brief. "This case was filed as the result of an automobile-truck collision in the City of Plains, Yoakum County, Texas. The plaintiffs brought this action to recover for damages and personal injuries alleged to have been sustained in such collision. The trial was before the court with a jury in the 121st District Court of Yoakum County, Texas. The court submitted to the jury its charge containing some 27 issues. After the jury returned its verdict, the court entered judgment that the plaintiffs, Delores Chaney, Doyle Chaney and wife,

Kathryn Chaney, and the minor plaintiff, Curtis Chaney, who did not file a motion for new trial, recovered the total sum of $7,806.79, and that the plaintiffs, D. B. Chaney and wife, Beunah Chaney, take nothing. Thereafter, D. B. Chaney and wife, Beunah Chaney filed their motion for new trial, alleging jury misconduct. The court had a hearing on the matter of jury misconduct, where seven jurors testified at such hearing. Thereafter, the court entered an order granting the motion for new trial on such alleged jury misconduct." Appellants bring this appeal and Motion for Leave to File a Petition for Writ of Mandamus, alleging that the court erred in granting the motion for new trial. Appellees filed a motion to dismiss the appeal for want of jurisdiction.

An order granting a motion for new trial is an interlocutory order and unappealable. The case stands upon the docket as if no judgment had been entered. Robinson v. Robinson, 164 S.W.2d 35 (Tex.Civ. App.–N.W.H.); Ferris Brick Company v. Price, 413 S.W.2d 430 (Tex.Civ.App. N.W.H.); McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265 (S.C.–1957); Lynn et al. v. Hanna, 116 Tex. 652, 296 S.W. 280 (S.C.–1927); Brown v. American Finance Company, 432 S.W.2d 564 (Tex.Civ.App.–Ref. N.R.E.).

Appellants cite cases in which the trial court has overruled motions for new trials and on which the appellate courts have written on appeal. This is so because the appeal in those cases was from the judgment and not the order overruling the motion for new trial. Puckett v. Frizzell, 402 S.W.2d 148 (S.C.–1966), citing Neely v. Tarrant County, 132 Tex. 357, 124 S.W. 2d 101 (S.C.–1939).

Appellants' Motion for Leave to File Petition for Writ of Mandamus here has heretofore been denied by this court.

The appeal is dismissed for want of jurisdiction.