**Mrs. Art SCHRADER et al., Appellants,**

v.

**Luis F. GARCIA et al., Appellees.**

**No. 901.**

Court of Civil Appeals of Texas, Corpus Christi.

July 17, 1974.

O. F. Jones, Victoria, for appellants.

Ben A. Donnell, Meredith & Donnell, Robert McKissick, William R. Edwards, Corpus Christi, Nago Alaniz, San Diego, for appellees.

OPINION

PER CURIAM.

On June 14, 1974, Luis F. Garcia, Sarita Garcia and Eloisa R. Garcia, plaintiffs in the court below, filed a motion in this Court for an order to require Mrs. Art Schrader, defendant in the court below, to execute and file an additional supersedeas bond in the amount of $22,513.63. The motion was supported by certified copies of the final judgment rendered by the trial court, the order overruling defendant's motion for new trial, notice of appeal, bond on appeal, and the supersedeas bond filed in the trial court. The motion was denied

by this Court on June 20, 1974. Written opinion was entered and filed. Plaintiffs filed a motion for rehearing on July 3, 1974.

The motion for rehearing is granted. The previous opinion of this Court is withdrawn and this opinion is substituted therefor.

The transcript was filed in this Court on June 21, 1974. The District Court of Refugio County, Texas, on April 5, 1974, rendered judgment against defendant in favor of Luis F. Garcia and Sarita Garcia in the amount of $32,738.63 and in favor of Eloisa R. Garcia in the amount of $550.00. Defendant's motion for new trial was overruled by the trial court on May 17, 1974, and notice of appeal was given on that day. Appeal bond was filed on June 7, 1974.

The supersedeas bond that was executed and filed by defendant shows that Mrs. Art Schrader and her surety bound themselves to Luis F. Garcia in the sum of $10,000.00, to Sarita Garcia in the sum of $225.00, and to Eloisa R. Garcia in the sum of $550.00. Plaintiffs, movants in this Court, assert that the supersedeas bond is insufficient.

■ The matter of supersedeas is covered by Rules 364–368, Texas Rules of Civil Procedure. Those rules should be considered together. The language used therein clearly imply that the question of sufficiency of a supersedeas bond may be presented to an appellate court at any time after the appeal has been perfected, and while it is pending.

■ Rule 363, T.R.C.P., unequivocably states that an appeal is perfected when the notice of appeal is given and the appeal bond has been filed. The cases have consistently held that the perfection of an appeal by the filing of notice of appeal and bond in the trial court within the stated periods of time vests jurisdiction in the appellate court of the appeal for the purpose

of issuing such writs and orders as may be necessary to protect its jurisdiction of the appeal. Ammex Warehouse Company v. Archer, 381 S.W.2d 478, 482 (Tex.Sup. 1964); Houtchens v. Mercer, 119 Tex. 244, 27 S.W.2d 795 (1930); Providential Investment Corporation v. Dibrell, 320 S.W. 2d 415 (Tex.Civ.App.—Houston 1959, n. w. h.). Such jurisdiction includes the power to require an additional bond in case the initial supersedeas bond, as filed, is insufficient. Adams v. Bida, 83 S.W.2d 420 (Tex.Civ.App.—Eastland, rev. on other grounds, 125 Tex. 458, 84 S.W.2d 693); Phelan v. Settle, 431 S.W.2d 376 (Tex. Civ.App.—Amarillo 1968, no writ history); Berry v. Curtis, 227 S.W.2d 396 (Tex.Civ. App.—Fort Worth 1950, n. w. h.); Dillard v. Wilson, 137 S.W. 152 (Tex.Civ.App. 1911, n. w. h.). See also Padgett v. Mutual Building & Loan Ass'n, 504 S.W.2d 535 (Tex.Civ.App.—Fort Worth, n. w. h.).

In the light of the foregoing authorities, while this Court did not acquire jurisdiction to pass on the merits of the case when plaintiffs' motion was filed (since neither the transcript nor the statement of facts had been filed at that time), we did acquire jurisdiction of the appeal for the purpose of deciding whether or not the supersedeas bond was insufficient when defendant gave notice of appeal and filed her appeal bond. Furthermore, now that the transcript has been filed, there is and can be no question but that we have jurisdiction to order the filing of an additional supersedeas bond pending appeal if we conclude that the present bond is insufficient.

■ Under the provisions of Rule 364(a), T.R.C.P., defendant had the right to suspend the execution of the judgment by giving a good and sufficient bond to be approved by the Clerk of the District Court of Refugio County in a sum "at least the amount of the judgment, interest and costs". The supersedeas bond, now on file, is sufficient in amount with respect to the judgment insofar as Eloisa R. Garcia is concerned, but is wholly insufficient in

amount with respect to the judgment decreed in favor of Luis F. Garcia and Sarita Garcia.

Therefore, under the state of the record now existing, it becomes our duty to require Mrs. Art Schrader, the appellant, to comply with the plain provisions of Rule 364(a). Accordingly, pursuant to Rule 365, T.R.C.P., Mrs. Art Schrader, if she desires to suspend the execution of the judgment as to Luis F. Garcia and Sarita Garcia, is hereby ordered to execute an additional good and sufficient supersedeas bond, wherein she and her surety acknowledge themselves bound to pay to Luis F. Garcia and Sarita Garcia the additional sum of $22,513.63, together with interest thereon at the rate of 6% per annum from April 5, 1974, until paid, plus all court costs, conditioned that she shall prosecute her appeal with effect, and in case the judgment relating to the recovery awarded Luis F. Garcia and Sarita Garcia is affirmed, that she shall perform such judgment to the extent of the additional bond, and pay all such damages, interest and costs as shall be finally adjudged against her. Such bond shall be filed in this Court and is to be approved by the Clerk of this Court.

Upon failure to furnish the additional supersedeas bond as ordered by this Court within twenty (20) days after a copy of this order is served upon Mrs. Art Schrader, this Court will, upon the expiration of said period of time, issue an order to the trial court directing the issuance of execution on the judgment appealed by the defendant insofar as that judgment affects Luis F. Garcia and Sarita Garcia. Rule 366, T.R.C.P.

It is further ordered that the Clerk of this Court shall issue and have served all notices required by the Texas Rules of Civil Procedure, and that the giving of the additional supersedeas bond shall not release the liability of either the principal or the surety under the original supersedeas bond.

Our order issued on June 20, 1974, is vacated with respect to plaintiffs Luis F. Garcia and Sarita Garcia, and their motion that Mrs. Art Schrader be required to furnish an additional supersedeas bond in the amount of $22,513.63 is granted.