## H. W. MOORE v. F. H. BAYNE ET AL.

### No. 2809.

**Fees of District Clerk.**—While an appeal was pending in this court the record in the case was destroyed by fire, so that another transcript became necessary to the prosecution of the appeal. The case was reversed. *Held,* that as part of the costs of appeal the clerk's fee for making the second transcript was properly included.

APPEAL from Houston. Tried below before Hon. Norman G. Kittrell. The opinion states the case.

*J. A. Burnett,* for appellant.—The court erred in holding that the costs for making the alias transcript was part of the costs of appeal, and that appellant was liable for the same; and under the agreed facts the court erred in not perpetuating the injunction as to all the costs enjoined, it appearing that appellant had paid all the costs for which he was liable.

The alias transcript or certified copy of the record was not a part of the taxable costs to be paid by the appellee on the reversal of the judgment, and the court below should have rendered judgment perpetuating the injunction at the cost of defendants.   Caldwell v. Jackson, 7 Cranch., 277; Price v. Garland, 20 Pac. Rep., 182.

No brief for appellees has reached the Reporter.

GAINES, Associate Justice.—This is an appeal from a judgment on a motion to retax the costs in the case of Moore v. Moore, which has been several times before this court on appeal, and which was finally determined at the last term.   At the October Term, 1880, of the District Court of Houston County, the present appellant, who was defendant below, obtained a judgment in that court, from which the plaintiff George F. Moore appealed.   While that appeal was pending the records of this court at this place were burned and the transcript in that case destroyed. The clerk of the District Court was directed to make out another transcript, which he did, and charged therefor the sum of $84.50, which he entered in the bill of costs.   The judgment was reversed upon that appeal.   The defendant paid all the costs of the appeal except the costs of the second transcript.   The clerk having issued an execution against the defendant for this as well as other costs, the defendant filed this motion to retax, and obtained an injunction.   The court below held that he was liable for the costs of the second transcript, and from that ruling this appeal is taken.

We are of opinion that the court did not err in its ruling.   It was not the fault of the appellant on the former appeal that the transcript was destroyed.   In order to prosecute his appeal it became necessary for him to apply to the clerk for another transcript, and we think it was properly taxed as a part of the costs to abide the decision of this court on the appeal.   It is argued that costs are only recoverable by force of the written law, and that the statute only provides for the cost of one transcript.   The same may be said in reference to the provisions for costs for other services of the clerk.   He is allowed a fee for a citation, and a fee for issuing an execution.   Nothing is said of any charge for an alias or pluries writ of either character, and yet it can not be doubted that when a second or third writ is necessary he is allowed to charge for it in the same manner as for the original.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered January 28, 1890.