**RAINEY v. JONES.**

No. 5702.

Court of Civil Appeals of Texas. Texarkana.

Jan. 2, 1941.

Rehearing Denied Jan. 16, 1941.

cause of the ditch overflowing with the resultant damage to plaintiff's land. Then, in response to a further issue, the jury answered that the present condition and location of defendant's terraces and his culvert in the old road will in the future be the proximate cause of surface waters from defendant's land being diverted to the east of the old road, overflowing on to the land of plaintiff. in such manner as· to damage his land.

The court entered judgment which denied plaintiff the issuance of a mandatory writ of injunction to require defendant to abate the above-mentioned artificial obstruction erected by the latter. This record indicates that plaintiff waived submission of any issue bearing upon amount of his alleged damages sued for. Plaintiff's propositions, grounded on his assignments of error to the court's refusal to grant his motion to declare a mistrial and in entering above judgment, assert the jury findings on the three ultimate issues above set out are in irreconcilable conflict and a valid judgment thereon could not be granted either party. Litigants, under agreement, bring forward only a brief summary of the evidence given on the trial which they deemed sufficient for consideration of above sole question presented on this appeal.

■■ The jury was instructed that "proximate cause means that which naturally and without the intervention of any new intervening cause produced the injury and damage complained of without which such injury and damage would not have occurred." With this definition it is to be observed that the acts of defendant "without the intervention of any new intervening cause" produced the overflow; and that defendant's maintenance of his present artificial obstructions will continue to cause the ditch to overflow in the future. These findings, if standing alone, would not have authorized a judgment denying plaintiff equitable relief. The jury also found that plaintiff's acts without the intervention of any new intervening cause produced the overflow. In the absence of further jury findings, we are left to speculation or conjecture if plaintiff's maintenance of his present artificial obstruction will in the future continue to cause the ditch to overflow, and if so, to what extent. We need not determine if the findings are in irreconcilable conflict. This record presents an absence of ultimate findings of facts upon which to predicate a judgment for either party. We express no

R. H. Good and W. H. Crunk, both of Cooper, for appellant.

C. C. McKinney, of Cooper, and Jackson & Stell, of Sulphur Springs, for appellee.

WILLIAMS, Justice.

A ditch, on the east side of an abandoned rural road, running north and south, both situated between plaintiff R. L. Rainey's land on the east and defendant J. R. Jones' land on the west, drained to the south such surface water as emptied into it. The ditch was adjacent to plaintiff's west boundary line, and, as found by the jury, was situated upon defendant's land. In response to special issues the jury sustained plaintiff's allegations that defendant had prior thereto constructed a series of terraces and drainage ditches upon defendant's land which diverted surface water thereon from its natural course to the southeast into and through a culvert, constructed by defendant, across the abandoned road into the ditch; that this caused the banks of the ditch to crumble, the ditch to fill up, and the water flowing into it to spread and overflow plaintiff's land. Defendant answered with a general denial and charged that plaintiff had constructed terraces and drainage ditches which diverted surface water from its natural flow on plaintiff's land to the southwest into the ditch and that plaintiff had placed obstructions in the ditch. In response to special issues, the jury also sustained defendant's allegations.

The jury found above alleged acts of defendant in diverting surface water to be the proximate cause of the ditch overflowing with the resultant damage to plaintiff's land. In response to another issue the jury also found above alleged acts of plaintiff in diverting surface water to be the proximate

opinion upon the present state of the pleadings. In the reversal and remanding of this cause, attention is directed to Moody v. Vandergriff, Tex.Civ.App., 293 S.W. 215, and authorities there cited or discussed, wherein it is held that a defendant who wrongfully diverts surface water is not relieved of all liability to a plaintiff who also diverts such water, when water diverted by each unites in causing an overflow which damages the plaintiff. In such a case the defendant is liable for a proportionate part of the damages suffered by the plaintiff. 44 T.J. p. 194; 44 T.J. p. 178, Sec. 135. As to the submission of such additional issues, see Houston & T. C. Ry. Co. v. Wright, Tex.Civ.App., 195 S.W. 605; Walters v. Prairie Oil & Gas Co., 85 Okl. 77, 204 P. 906; Houston & T. C. Ry. Co. v. Hanson, Tex.Civ.App., 227 S.W. 375, 377.

The judgment is reversed and the cause remanded.