**JONES v. RAINEY.**

No. 5984.

Court of Civil Appeals of Texas.  Texarkana.
Dec. 2, 1942.

Rehearing Denied Feb. 4, 1943.

508

Jackson & Stell, of Sulphur Springs, and C. C. McKinney, of Cooper, for appellant.

W. H. Crunk and R. H. Good, both of Cooper, for appellee.

JOHNSON, Chief Justice.

Apellee owns a 42-acre farm in Delta County. Appellant, J. R. Jones, owns a larger tract of land adjoining appellee on the west and extending farther north than appellee's land. An old roadway extends north and south on the division line between the two tracts. A ditch runs along the west side of the old roadway. Appellee sued appellant for damages and for injunctive relief for changing the natural course of the flow of surface water on his land and diverting it into said ditch, causing it to cave off and to overflow appellee's land. On the first appeal, judgment was reversed and the cause remanded. Rainey v. Jones, Tex.Civ.App., 146 S.W.2d 794. The cause was again tried before a jury and resulted in a verdict and judgment for appellee for $150 damages which he had sustained to his land, and a mandatory injunction preventing the future diversion of such water. In response to special issues the jury found in substance:

That said ditch on the east side of said old roadway was upon land owned by appellee; that by constructing certain terraces, embankments, ditches and dams on his land, and a culvert across said roadway, appellant had changed the course of the natural flow of surface water on his land and diverted it into said ditch on the east side of said roadway and onto appellee's land, causing it to overflow and damage appellee's land; assessing the amount of damage which had been sustained to appellee's land as the result of the acts of appellant at $150.

That terraces constructed by appellee on his own land caused water to flow into said ditch which had been a proximate cause of the ditch overflowing and injuring his land; that same was not the sole proximate cause of the ditch overflowing and injury to his land; and that same would not in the future continue to constitute a proximate cause of injury to appellee's land.

That a certain levee on the Smith-Viles tract of land located south of appellant's land had diverted water onto and over the south end of appellee's land; that same was not a new, independent cause, nor the sole proximate cause of appellee's damage.

That the size or condition of a culvert across the public road running east and west at or near the south end of appellee's land has caused water to be backed or diverted upon a portion of appellee's land; that same was not a new, independent cause, nor the sole proximate cause of appellee's damage.

That the damage to appellee's land will continue to occur in the future if appellant's terraces and embankments are maintained in their present state.

In connection with the issue inquiring as to the amount of damage caused to appellee's land by the acts of appellant, the court instructed the jury as follows: "If you have found in answer to questions submitted to you that the plaintiff, R. L. Rainey, proximately caused damage to his land by terraces built by himself or by obstructions placed in the ditch in question, but if you further find that said acts of the plaintiff, if any, did not cause all the damage to his land, then in fixing the amount of damage done his land you will not include whatever amount of damage you believe was done to his land by his own terraces or obstructions, if any, placed in the ditch. And, if you have found that the water, if any, that was diverted on to the plaintiff's land by the levee on the Smith-Viles tract of land or the road condition as asked about, either or both caused water to flow onto the plaintiff's land which damaged it but did not create the entire damage, then in fixing the amount of damage to plaintiff's land you will exclude from your consideration any damage that you believe was caused to the land by the water diverted from the Smith-Viles land or from the public road and its condition, and make your finding of damage be the damage that you believe was proximately caused by water diverted from the Defendant, J. R. Jones' land as asked above in the questions relating thereto."

Points 1, 2 and 3 complain of the action of the trial court in refusing to submit to the jury appellant's requested special

issues Nos. 36, 37 and 38, inquiring as to what proportionate part of the damages sustained to appellee's land was caused: (1) By the acts of appellee in constructing the terraces on his own land; (2) by the County in constructing the culvert across the public road South of appellee's land; and (3) by the levee on the Smith-Viles land. The testimony tended to show that appellee's land had been damaged by overflow of diverted surface water from four different sources or parties, acting independently of each other, namely, (1) the acts of appellee in the construction of his terraces; (2) the acts of appellant in the construction of his terraces, dams and ditches; (3) the acts of the owner of the Smith-Viles land in construction of levees and dams thereon; and (4) the acts of the County in construction of a culvert across the public road to the south of appellee's land. In such circumstances the appellant is liable for that portion only of the damages caused by his acts. See authorities cited in Rainey v. Jones, Tex.Civ.App., 146 S.W.2d 794. In submitting the matter, the court simply asked the jury to find the amount of damage which had been caused by the acts of appellant, and in connection therewith instructed the jury that in arriving at the amount of damages caused by the acts of appellant not to include damages caused by the acts of either of the other three named parties or sources. Was the method employed by the court in submitting the issue erroneous, and so erroneous as to require a reversal of the case? The same result could have been reached by asking the jury to find the total amount of damage sustained by appellee from all the four named sources, and to find the proportionate part or percentage of the whole caused by each of said four sources or each of any three of them, in separate issues; and upon the answers to such issues the court could have by calculation arrived at the amount of damage caused by the acts of appellant. It is the last-named method which appellant contends should have been employed by the court. It will be observed that no issue was submitted and none requested asking the jury to find the total amount of damages sustained by appellee from all the four named sources. In the absence of such a finding, answers of the jury to the three questions requested by appellant would not have formed a sufficient basis for the court to have calculated the amount of damage caused by the acts of appellant. It will be further noted that in the state of the record in this case, the damage caused by any one or all of the three named sources or agencies other than appellant do not constitute a defense to or relieve appellant from liability for the damage caused by his acts. Therefore, the question for our determination is whether or not the method employed by the court is such as may reasonably be calculated to work an injury to appellant. Rule 434, Texas Civil Procedure. In our opinion, the question should be answered in the negative. As against the criticism (raised by Point 6) that same was a general charge, we think that the above-quoted explanatory instructions given by the court in connection with the issue on the amount of damage caused by the acts of appellant may reasonably be construed as being permissible under Rule 277, Texas Civil Procedure, reading in part as follows:

"In submitting special issues the court shall submit such (explanations) explanatory instructions and such definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues, and in such instances the charge shall not be subject to the objection that it is a general charge."

■ Point 4 complains of the trial court's refusal to sustain appellant's plea in abatement or in bar to appellee's action for damages, contending that by reason of the fact that in the first trial no issue was submitted to the jury inquiring as to the amount of damages sustained to appellee's land as the result of appellant's acts and that appellee had waived the submission of such issue in the first trial by his failure to request it, therefore appellee was barred from urging his action for damages upon a second trial. The contention is not sustained. Appellee's waiver by failure to request submission of the issue of damages on the first trial constituted no bar to his action for damages upon the second trial.

■ Point 5 asserts that: "The court granted double relief in awarding judgment against defendant for permanent damages to plaintiff's land and also a mandatory injunction enjoining defendant from further diversion of water." It is a well-settled rule that double or excessive relief may not be lawfully awarded in any case. So, a plaintiff in a water diversion suit can not be allowed to recover the damages sustained in the past together with such damages as may reasonably be expected to occur by

additional injury in the future to the land from the same source of diversion, and at the same time be granted equitable relief preventing such diversion and future damage; for to do so would allow him to recover for future damage the sustaining of which has been prevented and will not occur. But, as in the present case, plaintiff may be awarded his past damages sustained to the date of the trial even though the injury or part thereof to his land may be of a permanent nature; and where, as here, it is shown that such diversion if not prevented will in the future cause the ditch in question to farther wash out and cave off other portions of the land, depositing it on lower grounds, effecting a broader spread of the overflow on to other parts of the land, from which additional damage will be inflicted in the future, plaintiff may also be awarded injunctive relief to prevent the occurrence of such future damage. Vernon's Civil Statutes, Article 7589a; Roby v. Hawthorne, Tex.Civ.App., 77 S.W. 2d 923, 925; 44 T.J. p. 173 Sec. 133.

The 7th point complains of the action of the trial court in refusing to submit appellant's requested special issue No. 18, reading as follows: "Do you find from a preponderance of the evidence that the Plaintiff, R. L. Rainey, could have by use of reasonable diligence and refraining from diverting water on his own land or placing obstructions in the east ditch alongside the private road, prevented the damage which he complains of in his Second Amended Original Petition? Answer 'Yes' or 'No' as you may find. Answer —."

The requested issue, as framed, was not "in substantially correct wording," in that it assumed the existence of controverted facts. One of which facts so assumed was found by the jury not to exist, in answer to special issue No. 13 submitted by the court in his main charge, namely, that plaintiff did not place or cause to be placed obstructions in said ditch. Rule 279, Texas Civil Procedure, provides that "failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment * * *."

We have examined all of appellant's assignments and find no reversible error is presented.

The judgment of the trial court will be affirmed.