PLANET PLOWS, INC., Appellant,

v.

Alta EVANS, Appellee.

No. 9083.

Court of Civil Appeals of Texas, Amarillo.

April 24, 1980.

Rehearing Granted May 21, 1980.

Whittenburg, Whittenburg & Schachter, Cary Schachter, Amarillo, for appellant.

Humphrey & Humphrey, Clifford Humphrey, III, Amarillo, for appellee.

REYNOLDS, Chief Justice.

Alta Evans secured a jury verdict for $3,000 actual damages caused by Planet Plows, Inc.'s material diversion of the natural flow of surface waters onto, and its impoundment on, her property, together with an award of $15,000 for punitive damages. Judgment was rendered on the verdict. For the court's erroneous submission of the measurement of damages without provision for apportionment thereof, and the lack of evidential support for the finding of actual damages, we reverse and remand.

Alta Evans owned property, improved with her home, contiguous to property purchased by Planet Plows, Inc. In 1977, Planet Plows constructed a steel building and a concrete slab on its property. Following the construction, Evans' property began to experience flooding after rains. Evans then brought this action for damages to her home, alleging that Planet Plows violated Section 11.086 of the Texas Water Code (Vernon Supp. 1980) by diverting the natural flow of surface waters onto, and impounding the waters on, her property.

To sustain the burden of proving her pleaded cause of action, Evans had to establish the damages proximately caused by surface waters diverted onto or impounded on her property by Planet Plows. Evans introduced testimony of the absence of flooding on her land prior to the 1977 construction by Planet Plows and of at least five floodings thereafter. Testimony was adduced by Planet Plows that structures on Evans' property affected the natural flow of surface waters, and as much as one-fourth of the water diverted across Evans'

property could have resulted from a driveway situated on a neighbor's land. Given these circumstances, Planet Plows would be liable only for that portion of Evans' damages caused by its acts. *Jones v. Rainey,* 168 S.W.2d 507, 509 (Tex.Civ.App.—Texarkana 1942, writ ref'd).

In submitting the cause to the jury, the court, over Planet Plows' timely and sufficient objections, inquired only as to actual damages to Evans' house based on "the reasonable cost of making such repairs as an owner of ordinary prudence would have made to remedy such damages to the house, if any." The jury's answer was $3,000.

■ The parties agree that a question of temporary damage to the land is raised by the evidence and, as articulated in *Kraft v. Langford,* 565 S.W.2d 223, 227 (Tex.1978), "the proper measure of damages for a temporary injury to real property is the amount necessary to place the owner of the property in the same position he occupied prior to the injury." In this connection, the amount necessary is not the reasonable cost of remedial repairs made by an ordinarily prudent owner, but is, under the pleadings here, the reasonable cost of the repairs necessary to restore the property to its condition immediately prior to the injury. *Weaver Construction Company v. Rapier,* 448 S.W.2d 702, 703 (Tex.Civ.App.—Dallas 1969, no writ), and authorities there cited. When a court's charge does not confine the jury's consideration to the proper measure of damages but rather leaves them free to speculate malapropos on and consider other factors, a new trial is justified. *See, e. g., Wynnewood Development Company v. Belmares,* 295 S.W.2d 441, 443–44 (Tex.Civ. App.—Eastland 1956, no writ).

Moreover, under the evidence in the record, the court should have drafted the damage issue so as to direct the jury to apportion from the evidence the part or percentage of damages found to have been caused by the acts of Planet Plows and by the other sources; or, alternatively, the court should have instructed the jury that in arriving at the amount of damages caused by the acts of Planet Plows, if any, not to include damages caused by any other source. Either method of submission is authorized by Rule 277, Texas Rules of Civil Procedure, and would have been proper. *Jones v. Rainey, supra,* at 509. Under the controverted evidence, the court's submission failed to properly provide for apportionment of damages; thus, the judgment cannot be sustained.* *Lusk v. Onstott,* 178 S.W.2d 549, 551–52 (Tex.Civ.App.—Amarillo 1944, no writ).

■ Beyond that, although we decline to accept Planet Plows' assessment that the record is devoid of any competent evidence of damages, we conclude the finding of $3,000 actual damages is not supported by the evidence. Evans testified she spent $1,556.95 for repairs necessary to make her home livable after the flooding. Mr. Robbins gave an estimate of from $500 to $1,150 to repair everything he observed at the house. Neither the expenditure nor the estimate was referenced to the necessary cost of repair to restore the property to its prior condition or, for that matter, to the reasonable cost of remedial repairs made by an ordinarily prudent owner. The testimony of Mr. Loper, who figured $3,780 as the reasonable cost of repairing the property, is not to be considered, for the testimony specifically was not admitted as the cost of restoring the property to its prior condition. Hence, even giving the accepted testimony its greatest weight, it merely evidences maximum damages in a total sum less than

---

* In so holding, we are not unaware of the rule enunciated in *Landers v. East Texas Salt Water Disposal Co.,* 151 Tex. 251, 248 S.W.2d 731, 734 (1952), in these words:

> Where the tortious acts of two or more wrongdoers join to produce an indivisible injury, that is, an injury which from its nature cannot be apportioned with reasonable certainty to the individual wrongdoers, all of the wrongdoers will be held jointly and severally liable for the entire damages and the injured party may proceed to judgment against any one separately or against all in one suit. However, the rule is inapplicable, for here there is only the allegation and evidence of one wrongdoer, Planet Plows, and from the evidence adduced in this trial, the injury alleged can be apportioned with reasonable certainty.

that found by the jury and, thereby, is insufficient to support the jury's award. *McCoy v. Polvado*, 583 S.W.2d 439, 441 (Tex.Civ.App.—Amarillo 1979, no writ).

To the extent that we have written, Planet Plows' points of error four, eleven and thirteen must be sustained, dictating that the judgment be reversed and the cause be remanded. Consequently, we do not address, save for two comments with regard to, the complaints about events occurring during trial or the challenges to the jury submission presented in the remainder of the thirty-three points of error. We do not perceive that the matters complained of will recur or be cast in the same light in the event of another trial.

■ Planet Plows takes the position that punitive damages are not recoverable where there is a mere violation of a statute. To the contrary, if there is evidence of a wrongful act—*i. e.*, a statutory violation—done intentionally—or, as Evans has alleged here, willfully—in violation of the rights of a plaintiff, the defendant may be required to respond in exemplary damages. *Tennessee Gas Transmission Company v. Moorhead*, 405 S.W.2d 81, 86 (Tex.Civ.App.—Beaumont 1966, writ ref'd n.r.e.).

■ Further, Planet Plows takes the position that the court erred in admitting evidence of attorney's fees because Evans failed to affirmatively plead for recovery of such fees. Nevertheless, Evans pleaded exemplary damages and, because attorney's fees are an element of these damages, *Allison v. Simmons*, 306 S.W.2d 206, 211 (Tex.Civ.App.—Waco 1957, writ ref'd n.r.e.), the court correctly allowed testimony of these fees. *Accord, Houston Production Co. v. Taylor*, 33 S.W.2d 202, 203–04 (Tex.Civ.App.—Beaumont 1930, writ ref'd).

The judgment of the trial court is reversed and the cause is remanded.

## ON MOTION FOR REHEARING

Upon reversal of the trial court's judgment and remand of the cause, costs were administratively taxed by the clerk against appellee Alta Evans. Tex.R.Civ.P. 448.

Evans has filed her motion for rehearing limited to the contention, not heretofore advanced, that costs for the inclusion of pages in the statement of facts unnecessary to the appeal should be charged to appellant Planet Plows, Inc., even though it was successful on appeal. Tex.R.Civ.P. 377(e).

■ Given the power to tax the costs other than as administratively taxed for good cause, Tex.R.Civ.P. 448, we may entertain on rehearing a motion to retax the costs. *Reaugh v. McCollum Exploration Co.*, 140 Tex. 322, 167 S.W.2d 727 (1943). In the cause before us we find, and Planet Plows concedes, that fifty-four pages of the statement of facts cover the voir dire examination of the jury panel at a pro rata cost of $72.90 and is the only portion of the appellate record not related to any point of error on appeal. Being foreign to any question relied on for reversal, the 54-page voir dire examination was, within the meaning of Tex.R.Civ.P. 370, beyond the scope of the appeal. In this sense, Planet Plows arbitrarily required the examination to be included in the statement of facts, and should be required to pay the cost thereof. Tex.R.Civ.P. 377(e).

To this extent, Evans' motion for rehearing is granted. The costs are retaxed as follows: $72.90 of the costs is taxed to Planet Plows, Inc.; the balance of the costs is taxed to Alta Evans.

Accordingly, our judgment of reversal and remand rendered in this cause is modified to retax costs as provided herein.