Fred KELLER, Appellant,

v.

M.P. DAVIS, Appellee.

No. 14–83–771CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 7, 1985.

Rehearing Denied April 11, 1985.

John C. Hampton, Jr., D. Brooks Cofer, Jr., Inc., Bryan, for appellant.

W. Stephen Rodgers, Bryan, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This appeal arises from a suit and countersuit between appellant Fred Keller and appellee M.P. Davis. Appellee Davis owned a vacuum truck business in Brazos County, Texas, wherein he operated several specialized vehicles equipped to remove drilling mud and other fluids from oil field leases. One of Davis's employees, Terry Hawkins, arranged to use appellant Keller's land as a dumping site for the mud. Problems arose when Keller feared he was not being properly paid for the use of his land. With the cooperation of Terry Hawkins, Keller seized one of Davis's vacuum trucks and chained it to a tree on Keller's property in full view of passersby on a local highway. When negotiations between the parties failed to resolve the conflict, Keller filed suit for the money he claimed was due him. He also obtained an ex parte writ of attachment for the truck. Davis counterclaimed for possession of the truck and for damages sustained by his business during the truck's absence. The trial court entered a take nothing judgment against Keller and awarded Davis $15,000 in actual damages, costs of court and attorney's fees, and $3,000 as "additional exemplary damages." Keller presents ten points of error. We affirm the judgment.

In his first two points of error, Keller contests the sufficiency of the evidence to support the trial court's award of $15,000 to Davis in actual damages or lost profits. Texas law states that it is not necessary for lost profits to be subject to

exact calculation. The amount of loss must be shown by competent evidence with reasonable certainty. In the case of an established business, pre-existing profits are admissible to show projected lost profits with reasonable certainty. *White v. Southwestern Bell Telephone Co.*, 651 S.W.2d 260, 262 (Tex.1983); *Southwest Battery Corp. v. Owen*, 131 Tex. 423, 115 S.W.2d 1097, 1098–1099 (1938).

In the instant case, Davis's uncontradicted testimony indicated that he could have operated the captured truck 24 hours a day from the date it was seized, January 20, 1983, through February, March, and "part of April." Davis's other vacuum trucks ran 24 hours a day during this period. If "part of April" means only one day of that month, the total number of billable hours lost would be 1704 (71 days times 24 hours per day). Davis testified that he billed each customer at $45 an hour for each truck's service and that approximately one-third of these gross revenues was profit. *See Wilfin, Inc. v. Williams*, 615 S.W.2d 242, 244 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). Davis's lost profits thus would potentially amount to $25,560. He pled for a minimum of $350 for each day Keller retained possession of the truck, or $24,850 in lost profits for 71 days.[1]

Davis had operated a vacuum truck business for several years. He was qualified to testify from his own knowledge as to his profit margin. Such evidence was admissible and uncontraverted by Keller. Apparently, Keller did not file a special exception to gain further information about Davis's countersuit for lost profits, nor did he attempt pretrial discovery of Davis's business records with which he might have impeached Davis's testimony. *See, e.g., Finn v. Finn*, 658 S.W.2d 735, 746 (Tex. App.—Dallas 1983, writ ref'd n.r.e.). We find the evidence sufficient to support the $15,000 awarded Davis for lost profits and overrule points of error one and two.

Keller next contends that the trial court erred in awarding Davis exemplary damages for Keller's abuse of process or improper conversion of the truck. A trial court may award exemplary damages when (1) a party has consciously disregarded the rights of the other party and (2) actual damages have been awarded. *Trenholm v. Ratcliff*, 646 S.W.2d 927, 933 (Tex.1983); *Lemon v. Spann*, 633 S.W.2d 568, 571 (Tex.App.—Texarkana 1982, writ ref'd n.r. e.). Keller claims there was no improper conversion or abuse of process in this case, and no evidence that he acted wrongfully or with malice in seizing Davis's truck. We disagree.

The record indicates that Terry Hawkins, a disgruntled employee of Davis, "sympathized" with Keller's fear of not being paid for the use of his land. Without the consent of his employer, Hawkins delivered a vacuum truck to Keller as "security" for payment of the alleged debt. Very soon thereafter, Hawkins left Davis's employ. After accepting the truck from Hawkins, Keller sought an ex parte writ of attachment and received an order granting the writ. However, the writ was never properly executed because it was never officially issued or levied on. When the Brazos County sheriff confronted Keller in an effort to retrieve the truck for Davis, Keller informed the sheriff that he retained the truck legally because he had been granted a writ of attachment. Keller apparently failed to mention to the sheriff that the writ was never issued or levied on. In any event, the sheriff left the truck in Keller's possession.

When Keller filed suit against Davis, the trial court ordered Keller to post bond in exchange for continued possession of the truck. After forty-five days, Keller still had not complied with this court order. He had not posted bond nor paid for the issuance of the writ. When Davis returned to the trial court after this forty-five day delay to seek release of the truck, the court *again* ordered Keller to post bond. Davis

---

1. Davis further testified that because he was one truck short, he was denied the opportunity to remove mud from six drilling rigs at a further loss of approximately $36,000.

contends that even then Keller waited another two weeks before posting bond, although Keller's counsel in oral argument before this court denied any delay in responding to this *second* court order.

Even if Keller's initial possession of Davis's truck could be justified on the basis of Terry Hawkins's authority to deliver it as agent for Davis (a questionable assumption at best), Keller's conduct after he obtained the truck is inexcusable. His actions demonstrated a conscious disregard for Davis's rights and a certain degree of contempt for the very court from which he sought relief. After his initial request for a writ of attachment, Keller at every turn refused to follow through with the proper steps to legalize his continued possession of the truck. At times he acted in direct contravention of specific court orders; at other times, he merely hid behind a pretext of legality to maintain possession of the truck. Keller's actions and intentions are further elucidated by the fact that he prominently displayed the captured truck to the community by chaining it to a tree located on a well-traveled highway, thus inflaming the controversy and creating further problems for Davis's business. We have no difficulty in finding that the trial court properly awarded exemplary damages. We overrule appellant's third and fourth points of error.

■ Keller next contends that the trial court erred in awarding Davis attorney's fees. The judgment awards Davis "15,000 dollars in actual damages, all costs of court and attorney's fees as set out below, plus additional exemplary damages in the amount of 3,000 dollars." Attorney's fees may be awarded as a separate element of exemplary damages. *Planet Plows, Inc. v. Evans*, 600 S.W.2d 874, 877 (Tex.Civ.App.—Amarillo 1980, no writ); *Allison v. Simmons*, 306 S.W.2d 206, 211 (Tex.Civ.App.—Waco 1957, writ ref'd n.r.e.). In light of the judgment's wording, we hold that the trial court intended the exemplary damages to include the attorney's fees. Thus, attorney's fees were properly awarded in this case. We overrule appellant's fifth point of error.

■ Points of error six, seven, and eight are improperly briefed because they offer no authority for Keller's arguments. Thus, Keller waives these points. TEX.R. CIV.P. 418(e); *Arndt v. National Supply Co.*, 650 S.W.2d 547, 548 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). Nevertheless, we have reviewed the contentions asserted in these points and find no error.

■ In point of error nine, Keller alleges trial court error in failing to award him attorney's fees. Keller contends that since Davis breached their contract, the trial court should have awarded Keller attorney's fees pursuant to TEX.REV.CIV. STAT.ANN. art. 2226 (Vernon Supp.1985). However, the trial court found no breach of contract by Davis; therefore, this contention has no merit. We overrule point of error nine.

■ In his last point of error, Keller complains of trial court error in granting Davis leave to file a sworn denial to Keller's pleading of a suit on sworn account on the day of trial. We disagree with the premise of this allegation. The record reveals that the documents offered by Keller as the basis for a suit on a sworn account failed to meet the standard for such documents according to TEX.R.CIV.P. 185. The documents offered did not appear to be a systematic accounting between the parties, as required. *See Jones v. Ben Maines Air Conditioning*, 621 S.W.2d 437, 438–39 (Tex.Civ.App.—Texarkana 1981, no writ); *cf. Goodman v. Art Reproductions Corp.*, 502 S.W.2d 592, 594 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.). Therefore, since this litigation was not based on a suit on a sworn account, and a full trial ensued with all of Keller's witnesses in attendance, we find that Keller was not injured or prejudiced by the trial court's acceptance of Davis's sworn denial. We overrule Keller's tenth point of error.

Because we find no reversible error, we affirm the judgment of the trial court.