**SHENANDOAH ASSOCIATES, Appellant,**

v.

**J & K PROPERTIES, INC., et al., Appellees.**

No. 05-85-00629-CV.

Court of Appeals of Texas, Dallas.

Aug. 27, 1985.

William Andress, Andress & Associates, Douglas W. Brady, Dallas, for appellant.

Robert C. Prather, Jordan, Dunlap & Prather, Dallas, Don Windle, Denton, for appellees.

Before GUITTARD, C.J., and WHITHAM and DEVANY, JJ.

PER CURIAM.

Appellant Shenandoah Associates filed a motion to reduce an excessive cost bond in which it asserts that the trial court abused its discretion by increasing the cost bond for appeal of this cause. We agree in part and reduce the cost bond, as increased by the trial court, by the amount of $5,000.00.

After entry of judgment against it, Shenandoah timely filed a cost bond in the amount of $1,000.00. Thereafter, the trial

court granted a motion to increase the cost bond by the amount of $12,689.04. The order required Shenandoah to post a bond for $13,689.04 securing the payment of: (1) the actual trial court costs of $8,689.04 and (2) the cost of an extra copy of the statement of facts, which was $5,000.00. The trial court also found that the cost of the original statement of facts had or would be paid for by Shenandoah, but it made no provision in its order to secure this cost. In view of this order we assume that no security is necessary for the original statement of facts.

Rule 354(a)[1] provides that "[t]he bond on appeal shall have sufficient surety and shall be conditioned that appellant shall ... pay all costs which have accrued in the trial court and the cost of the statement of facts and transcript." Here, the trial court ordered an increase in the appeal bond to secure the "actual trial costs" of $8,689.04. We find no abuse in this action. However, we find no basis in rule 354, or in any other rule, justifying the requirement of security for providing an appellee with a *copy* of the statement of facts. Rule 354(a) provides that a cost bond should secure the cost for production of the statement of facts. While rule 354(a) provides that the bond "shall inure to the use and benefit of the appellee," this provision does not entitle the appellee to obtain a *copy* of the statement of facts and attribute its cost to those court costs secured by an appeal bond.

The main purpose for an appeal bond is to afford security for the adverse party. *Pillow v. McLean*, 126 Tex. 349, 88 S.W.2d 702, 703 (1935). This "security," however, covers only costs necessary for the appeal. *See Phillips v. Latham*, 523 S.W.2d 19 (Tex.Civ.App.—Dallas 1975, writ ref'd n.r.e.), appeal after remand 551 S.W.2d 103. *See also* rule 377(e). In *Planet Plows, Inc. v. Evans*, 600 S.W.2d 874, 877 (Tex.Civ.App.—Amarillo 1980, no writ) the court held that a party could not arbitrarily request unnecessary material to be included in the statement of facts. There

the appellant, although successful in its appeal, was taxed with the costs for procuring the transcription of material unnecessary for the prosecution of the appeal. *Phillips, Planet Plows* and the case before us today all are distinguishable from *Moore v. Bayne*, 75 Tex. 665, 12 S.W. 850 (1890), wherein the court ordered the cost of a duplicate transcript to be taxed as court costs because the original transcript had been destroyed by fire through no fault of appellant. The court in *Moore* concluded that since the duplicate transcript was necessary to prosecute the appeal, its cost was properly taxable as court costs.

We cannot say that, under the facts before us, a duplicate copy of the statement of facts is necessary for the prosecution of this appeal. Rule 377(b) allows an appellee to request additional portions of the evidence to be included in the statement of facts. To this extent the cost bond "inures" to the benefit of the appellee. Under Rules 395 and 396, when the statement of facts has been filed in this court it is available for review by any party. Should the appellees in this cause desire their own copy of the statement of facts, they may make their own arrangements to pay for it.

The trial court's action in requiring appellant to post a bond as security for the cost of producing a copy of the statement of facts was an abuse of discretion. Appellant's motion to reduce the cost bond is granted and the bond in this cause is reduced by $5,000.00. All other relief requested is denied. Should Shenandoah fail to post a bond in the amount of $8,689.04, this case shall be subject to dismissal.

---

**1.** All references are to the Texas Rules of Civil Procedure.