Randy MANICCIA, Jon Maniccia, and Susan Maniccia, Appellants,

v.

JOHNSON & GIBBS, P.C.; Kathryn K. Lindauer; Aldos Holdings, Ltd.; William M. Moore; and Daniel N. Matheson, III, Appellees.

No. 3–92–614–CV.

Court of Appeals of Texas, Austin.

Feb. 2, 1994.

Rehearing Overruled March 2, 1994.

Carl T. Wibbenmeyer, Austin, for appellants.

Jennifer K. Lipinski, Scott, Douglass & Luton, L.L.P., Austin, for appellees.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

JONES, Justice.

Randy Maniccia, Jon Maniccia, and Susan Maniccia (collectively, "the Maniccias"), appellants, sued Johnson & Gibbs, P.C.; Kathryn K. Lindauer; Aldos Holdings, Ltd.; William M. Moore; and Daniel N. Matheson III (collectively, "defendants"), appellees, in the district court of Travis County. After a

jury trial, the district court rendered a take-nothing judgment against the Maniccias. The trial court subsequently sustained contests to the Maniccias' affidavit of inability to pay the costs of appeal; on defendants' motion, the court also increased the amount of the cost bond. Seeking to appeal, the Maniccias have now filed in this Court a motion to reduce the amount of the cost bond on appeal. *See* Tex.R.App.P. 46(c), 49(b). We will overrule the motion.

A detailed review of the procedural history of this case is important to an understanding of the legal issues presented here:

(1) **August 28, 1992.** Following a jury trial, the trial court signed a take-nothing judgment against the Maniccias; the judgment assessed costs of court in the amount of $21,720.76 against the Maniccias.

(2) **November 24, 1992.** Following the overruling by operation of law of their motion for new trial, the Maniccias filed a joint affidavit of inability to give a cost bond, in which they averred that they were "unable to pay all or any part of the costs of appeal, or to give security therefor."

(3) **November 30, 1992.** The defendants and three official court reporters filed contests to the Maniccias' affidavit of inability; in addition, the defendants filed a motion to increase the amount of the cost bond to at least $30,000.

(4) **December 4 & 8, 1992.** The trial court held an evidentiary hearing on both the contests to the affidavit of inability and the motion to increase the cost bond. Regarding the contests, evidence was presented that an individual had offered to loan or advance $5,000 to one or more of the Maniccias to cover the expenses of prosecuting an appeal; regarding the motion to increase the cost bond, evidence was presented that, in addition to accrued court costs of almost $22,000, the statement of facts would cost approximately $8,000.

(5) **December 8, 1992.** At the conclusion of the hearing, the trial court signed two orders: the first sustained the defendants' contests to the Maniccias' affidavit of inability, and the second increased the amount of the cost bond to $30,000, with the bond to be filed by December 18, 1992.

(6) **December 18, 1992.** The Maniccias deposited $1,000 in cash with the district clerk in lieu of filing a cost bond.

(7) **December 21, 1992.** The Maniccias filed in this Court a motion for leave to file a petition for writ of mandamus, seeking review of the trial court's order sustaining the contests to the affidavit of inability. The Maniccias also filed in this Court a motion to reduce the cost bond, seeking review of the trial court's order increasing the amount of the bond.

(8) **February 10, 1993.** This Court issued an unpublished per curiam opinion overruling the Maniccias' motion for leave to file petition for writ of mandamus, concluding that "[o]ur review of the record ... shows that the Maniccias did not meet their burden of proof to sustain the allegations of their affidavit." In a separate per curiam opinion, this Court dismissed the Maniccias' motion to reduce the cost bond as having been prematurely filed under rule 46(c) of the Texas Rules of Appellate Procedure.

(9) **February 16, 1993.** The Maniccias filed in this Court a second motion to reduce the cost bond.

(10) **February 24, 1993.** Defendants filed in this Court a motion to dismiss the Maniccias' appeal for failure to file the increased cost bond and for failure to file the transcript and statement of facts.

The following motions are currently pending in this Court:

(1) The Maniccias' motion to reduce the cost bond;

(2) The Maniccias' supplemental motion to reduce the cost bond;

(3) A motion for extension of time to file the appellate record, in which the Maniccias request an extension of time to file the record until thirty days after we rule on the motions to reduce the cost bond;

(4) An amended motion for extension of time to file the appellate record, not different in substance from the Maniccias' original motion for extension; and

(5) Defendants' motion to dismiss the Maniccias' attempted appeal.

■ By their motion to reduce the cost bond, the Maniccias contend that the trial court abused its discretion in increasing the amount of the cost bond on appeal to $30,000. A trial court abuses its discretion if it acts without reference to any guiding rules and principles or if its decision is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). In the present case, the trial court increased the cost bond to an amount just large enough to cover the accrued taxable court costs that had been paid by the defendants and the estimated cost of the statement of facts. The Maniccias do not assert that the costs of court (approximately $22,000) were improper or for some other reason should not have been taxed against the losing party pursuant to rule 131 of the Texas Rules of Civil Procedure. Nor do they assert that the estimated cost of the statement of facts (approximately $8,000) was excessive or otherwise improper. Rather, they assert simply that the trial court's action in increasing the amount of the cost bond to include all costs of court and the full estimated cost to prepare the statement of facts constituted an abuse of its discretion because they cannot afford to pay it. We disagree.

Initially, we note that the Maniccias have not filed a new or amended affidavit of inability attempting to establish that, although they can pay the basic $1,000 cost bond, they are unable to pay *the increased amount* of the appellate costs. *See Vickery v. Porche*, 848 S.W.2d 855, 858 (Tex.App.—Corpus Christi 1993, no writ). The only affidavit of inability they have ever filed is the one in which they swear that they are unable to pay "any part" of the costs of appeal. Moreover, the Maniccias have already sought and obtained, through their mandamus proceeding, appellate review of the trial court's order sustaining the contests to that affidavit. *See Allred v. Lowry*, 597 S.W.2d 353, 354 n. 2 (Tex.1980); *White v. Baker & Botts*, 833 S.W.2d 327, 329 (Tex.App.—Houston [1st Dist.] 1992, orig. proceeding). This Court has already held that the trial court did not abuse its discretion in sustaining those contests. Thus, although the Maniccias' ability to pay the costs of appeal or to give security therefor was at issue in the earlier mandamus proceeding, it is not at issue here.

■ This appeal, therefore, involves (1) no issue of the Maniccias' ability to pay the costs of appeal, (2) no issue as to the amount or propriety of the court costs taxed against the Maniccias, and (3) no issue of the accuracy of the estimated cost of the statement of facts. Rather, the only issue in this motion is whether rule 46(c) of the Texas Rules of Appellate Procedure authorizes a trial court to increase the amount of a cost bond or deposit to cover court costs paid in the trial court by the appellee and the estimated cost of the statement of facts. We conclude it does.

Rule 46 provides:

(a) **Cost Bond.** Unless excused by law, the appellant shall execute a bond payable to the appellee in the sum of $1000.... The bond on appeal shall have sufficient surety and shall be conditioned that appellant shall prosecute his appeal or writ of error with effect and shall pay all costs which have accrued in the trial court and the cost of the statement of facts and transcript.... Appellant may make the bond payable to the clerk instead of the appellee, and same shall inure to the use and benefit of the appellee and the officers of the court, and shall have the same force and effect as if it were payable to the appellee.

(b) **Deposit.** In lieu of a bond, appellant may make a deposit with the clerk pursuant to Rule 48 in the amount of $1000....

(c) **Increase or Decrease in Amount.** Upon the court's own motion or motion of any party or any interested officer of the court, the court may increase or decrease the amount of the bond or deposit required.... If a motion to increase the amount is granted, the clerk and official reporter shall have no duty to prepare the record until the appellant complies with the order. If the appellant fails to comply with such order, the appeal shall be subject to dismissal or affirmance under Rule

60.... In determining the question of whether an appellant's bond or deposit should be increased to more than the minimum amount of $1000, the court shall credit the appellant with such sums as have been paid by appellant on the costs to the clerk of the trial court or to the court reporter.

....

(e) **Payment of Court Reporters.** Even if a bond is filed or deposit in lieu of bond is made, appellant shall either pay or make arrangements to pay the court reporter upon completion and delivery of the statement of facts.

Tex.R.App.P. 46.

▮ The immediate predecessor to appellate rule 46 was rule 354 of the Texas Rules of Civil Procedure. Before 1962, former rule 354 required that a cost bond be conditioned only that the appellant pay all costs that had accrued in the trial court and that might accrue in the appellate courts. Tex.R.Civ.P. 354, 136 Tex. 550 (1940, amended 1962). Before 1962, therefore, the cost bond mandated by former rule 354 covered only costs of court not already paid by the appealing party, and did not cover the cost of preparing the transcript or statement of facts. *See City of Ingleside v. Johnson,* 537 S.W.2d 145, 151 (Tex.Civ.App.—Corpus Christi 1976, no writ). The purpose and effect of such a rule was to provide security for the nonappealing party. *Pillow v. McLean,* 126 Tex. 349, 88 S.W.2d 702, 703 (1935). Rule 354 was amended in 1962 to require that a cost bond be conditioned that the appellant also pay the cost of the statement of facts and the transcript; with the promulgation of the Texas Rules of Appellate Procedure in 1986, that requirement was carried forward into appellate rule 46(a). Thus, the purpose of the appeal bond required by rule 46 is to ensure payment of *all* the costs of appeal, including (1) accrued costs of court not previously paid by the appellant; (2) the fee of the court reporter for preparing the statement of facts; and (3) the fee of the trial court clerk for preparing the transcript. *See Vickery,* 848 S.W.2d at 856–57; *Shenandoah Assocs. v. J & K Properties, Inc.,* 696 S.W.2d 685, 686 (Tex.App.—Dallas 1985, no writ); *Tapiador*

*v. North Am. Lloyds,* 772 S.W.2d 954, 955 (Tex.App.—Houston [1st Dist.] 1989, no writ).

In the present case, the trial court simply increased the amount of the cost bond to cover the accrued court costs and the estimated cost of the statement of facts. No part of such costs can be said to be unnecessary to the appeal. For example, in *Shenandoah Associates,* the trial court ordered the cost bond increased to $13,689.04 to secure the payment of (1) actual trial court costs of $8,689.04 and (2) the $5,000 cost of an *extra* copy of the statement of facts for the appellee (no security was needed for the cost of the original statement of facts). The appellate court correctly held that the extra copy of the statement of facts was not necessary for the appeal and reduced the amount of the cost bond by $5,000. With respect to the court costs of $8,689.04, however, the court held: "Here, the trial court ordered an increase in the appeal bond to secure the 'actual trial costs' of $8,689.04. *We find no abuse in this action.*" 696 S.W.2d at 686 (emphasis added). The $8,689.04 increase in the cost bond approved by the court of appeals in *Shenandoah Associates* was based on accrued trial-court costs, in precisely the same way that $22,000 of the increase in the cost bond in the present case is based on accrued trial-court costs. The portion of the increase that was disapproved in *Shenandoah Associates* (an *extra* copy of the statement of facts) was based on a cost that bears no resemblance to any cost in the present case.

Nor can it be said that the trial court's judgment itself secures the court costs, merely because it includes an award of such costs. A judgment "secures" nothing; it is simply an official judicial decision on the respective rights and claims of the parties to an action submitted to a court for its determination. *See* Black's Law Dictionary 841–42 (6th ed. 1990). The term "security," on the other hand, implies something of value "given by a debtor in order to assure the payment or performance of his debt, by furnishing the creditor with a resource to be used in case of failure in the principal obligation." *Id.* at 1355. A cost bond operates as just such a "resource" to be used to pay

costs of court if an unsuccessful appellant fails to do so. Thus, even though rule 131 of the Texas Rules of Civil Procedure requires costs of court to be taxed against the losing party, the filing of a cost bond is a separate and distinct requirement under appellate rule 46. If the inclusion of such costs in the judgment were sufficient "security," there would be no need for the additional requirement of a cost bond. Yet these two requirements have coexisted for over a hundred years.[1]

The Maniccias also contend that, under the supreme court's recent decision in *Texas Association of Business v. Texas Air Control Board*, 852 S.W.2d 440 (Tex.1993), rule 46 is unconstitutional as an "unreasonable financial barrier" to litigants seeking to appeal. We disagree. The *Texas Association of Business* opinion is merely the supreme court's most recent recognition that, under the "open courts" provision of the Texas Constitution, "citizens must have access to [their] courts unimpeded by unreasonable financial barriers." 852 S.W.2d at 448; *see* Tex. Const. art. I, § 13. As stated earlier, the Maniccias' ability to pay or give security for the costs of appeal is not at issue in the present appeal. Therefore, the holding in *Texas Association of Business* is not applicable here.

Even if the Maniccias' ability to pay were at issue, however, appellate rule 40(a)(3), which permits an appellant to file an affidavit of inability to pay or give security for the costs of appeal in lieu of a cost bond, prevents indigence from denying an appellant the opportunity for judicial review. *See Dillingham v. Putnam*, 109 Tex. 1, 14 S.W. 303, 304–05 (1890); Elaine A. Carlson, *Mandatory Supersedeas Bond Requirements—A Denial of Due Process Rights?*, 39 Baylor L.Rev. 29, 31–34 (1987).

1. *See* Act approved May 13, 1846, 1st Leg., R.S., § 122, 1846 Tex.Gen.Laws 363, 394, *reprinted in* 2 H.P.N. Gammel, *The Laws of Texas 1822–1897*, at 1669, 1700 (Austin, Gammel Book Co. 1898) (repealed and codified in 1879, 1895, 1911, and 1925, and deemed repealed and replaced by Tex. R.Civ.P. 131); Act approved April 13, 1892, 22nd Leg., 1st C.S., ch. 17, § 1, art. 1400, 1892 Tex. Gen.Laws 42, 44, *reprinted in* 10 H.P.N. Gammel, *The Laws of Texas 1822–1897*, at 406, 408

 We conclude that the provision contained in appellate rule 46 permitting the trial court to increase the amount of an appellant's cost bond to cover accrued trial-court costs, the cost of the statement of facts, and the cost of the transcript is not an unreasonable restriction on the right of litigants to receive appellate review of adverse trial-court judgments. Accordingly, we hold that rule 46 does not violate article I, section 13 of the Texas Constitution. We conclude, therefore, that the trial court did not abuse its discretion in increasing the amount of the Maniccias' cost bond to $30,000.[2]

We overrule the Maniccias' motion and supplemental motion to reduce the amount of the cost bond. Because the Maniccias have not filed the required cost bond, and because they have stated unequivocally to this Court that they cannot afford a $30,000 bond, we grant defendants' motion to dismiss the appeal pursuant to appellate rule 46(c). In light of the dismissal of the appeal, we dismiss as moot the Maniccias' motion and amended motion to extend the time for filing the appellate record.

(Austin, Gammel Book Co. 1898) (repealed and recodified in 1895, 1911, 1925, and deemed repealed and replaced by Tex.R.Civ.P. 354, currently Tex.R.App.P. 46(a)).

2. We note, however, that trial judges should use due restraint in exercising their discretion to increase cost bonds under rule 46(c).