

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00507-CV

COLUMBIA MEDICAL CENTER OF
DENTON SUBSIDIARY, L.P. D/B/A
DENTON REGIONAL MEDICAL
CENTER

APPELLANT

V.

DFW SUPER GROUP II, L.L.C.

APPELLEE

----------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Following a lease dispute, Appellee DFW Super Group II, L.L.C. as lessee filed suit against Appellant Columbia Medical Center of Denton Subsidiary, L.P. d/b/a Denton Regional Medical Center as lessor, asserting claims for breach of lease, indemnification, conversion, and fraud. The trial court granted a partial

---

[1]See Tex. R. App. P. 47.4.

summary judgment for the Medical Center, and DFW II's remaining claims for indemnification and breach of quiet enjoyment for damages proceeded to trial. The trial court granted a directed verdict on DFW II's indemnification claim. A jury found for DFW II on the quiet enjoyment claim, rejected the Medical Center's justification defense, and found damages in the amount of $100,000. The trial court entered judgment on the jury's verdict and awarded $110,000 in attorney's fees to DFW II. The Medical Center perfected this appeal, raising five issues.

The Medical Center's fourth issue complains that the evidence is legally insufficient to support the jury's damage award of $100,000. The Texas Supreme Court has explained the evidence necessary to support lost-profits damages:

> Recovery for lost profits does not require that the loss be susceptible of exact calculation. *White v. Southwestern Bell Tel. Co.*, 651 S.W.2d 260, 262 (Tex. 1983); *Southwest Battery Corp. v. Owen*, 131 Tex. 423, 115 S.W.2d 1097, 1098 (1938). However, the injured party must do more than show that they suffered some lost profits. The amount of the loss must be shown by competent evidence with reasonable certainty. *White*, 651 S.W.2d at 262; *Southwest Battery*, 115 S.W.2d at 1098. What constitutes reasonably certain evidence of lost profits is a fact intensive determination. As a minimum, opinions or estimates of lost profits must be based on objective facts, figures, or data from which the amount of lost profits can be ascertained. *See, e.g., Pena v. Ludwig*, 766 S.W.2d 298, 304 (Tex. App.—Waco 1989, no writ); *Frank B. Hall & Co. v. Beach, Inc.*, 733 S.W.2d 251, 258 (Tex. App.—Corpus Christi 1987, writ ref'd n.r.e.); *Keller v. Davis*, 694 S.W.2d 355, 357 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.); *Automark of Texas v. Discount Trophies*, 681 S.W.2d 828, 830 (Tex. App.—Dallas 1984, no writ). Although supporting documentation may affect the weight of the evidence, it is not necessary to produce in court the documents supporting the

2

opinions or estimates. *See, e.g.*, *Pena*, 766 S.W.2d at 304; *Keller*, 694 S.W.2d at 357.

> The Heines' testimony was the only evidence presented concerning their lost profits and can be divided into two segments. First, Mr. Heine was examined by his counsel. Then, the trial judge questioned both Heines.
>
> When Mr. Heine was examined by his counsel, only one question was asked which touched on lost profits. The relevant question and answer are:
>
> Q. Now as a result of the defendant keeping the dozer for eight months, did you lose out on $200,200 in lost income during that time period?
>
> A. Yes, sir, I did.
>
> Even if this testimony were otherwise sufficient, lost income is not the correct measure of damages. *See supra* note 1. Further, this testimony is legally insufficient because it does not provide any indication of how the Heines determined what their lost profits were. *See, e.g., Village Square, Ltd. v. Barton*, 660 S.W.2d 556, 559–60 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.) (testimony stating only total amount of lost profits held legally insufficient); *Frank B. Hall & Co.*, 733 S.W.2d at 259 (same). The court does not have any basis for determining whether the damages were established with reasonable certainty or were based on pure speculation. This question and answer are legally insufficient to prove lost profits.

*Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 84 (Tex. 1992); *see also ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 878 (Tex. 2010) (explaining that plaintiff bears burden of providing evidence supporting a single complete calculation of lost profits); *Glattly v. Air Starter Components, Inc.*, 332 S.W.3d 620, 635 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (holding evidence of lost profits damages legally insufficient to show "any amount of reasonably certain lost profits, based on objective facts, figures, or data"); *Texaco Inc. v.*

3

*Phan*, 137 S.W.3d 763, 773 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (holding evidence of lost profits damages legally insufficient because "the Owners failed to meet their burden of proving net profits, from which expenses had been subtracted" to arrive at lost profits).

Here, the only evidence in the record concerning lost profits consists of Lana Ralston's testimony and Plaintiff's exhibit number 20. Ralston testified as follows:

> Q. I'm going to show you what's been marked as Plaintiff's Exhibit 20. Just a minute while I zoom out here. Do you recognize Exhibit 20?
>
> A. Yes.
>
> Q. It's the Quickbooks printout, and it's a – it's a lot of documents. It talks about the profits and losses of the Savannah Clinic, which is also – which is DFW Group's clinic. Right?
>
> A. Yes, sir.
>
> . . . .
>
> Q. Before I conclude, Ms. Ralston, based on the totality of the circumstances starting at about February 15th or 16th of 2008, can you tell the jury what your lost profits would have been on a monthly basis[?]
>
> . . . .
>
> Q. Just the number.
>
> A. Probably $50,000 a month in expenses - - or gross.
>
> Q. So $50,000 a month in lost profits?
>
> A. Yes.

4

Q. Okay. And if we start in February 2008, we're February 2012, that's four years, so on a yearly basis $50,000 a month would be $600,000 a year. Right?

A. Yes.

Q. Times four years would be $2.4 million. Right?

A. Yes.

Plaintiff's Exhibit 20 consists of forty-two pages of documents. The documents include multiple "custom summary reports" showing a month-by-month breakdown of income and expenses and net income for a six-month period. They include multiple "summary balance sheets" showing assets and liabilities for a particular month. There are pages of "transactions by account" for several months. A document labeled "Profit and Loss," dated March 1, 2008 through May 19, 2009, shows a month-by-month breakdown, but none of the months show a $50,000 loss.

In determining whether there is legally sufficient evidence to support the jury's finding of $100,000 in lost profits, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005). The evidence does not support a single complete calculation of lost profits. *See ERI Consulting Eng'rs, Inc.*, 318 S.W.3d at 878. Considering the evidence favorable to the finding—Lana Ralston's testimony and Plaintiff's Exhibit 20—this evidence provides no indication of how DFW II

5

determined what its lost profits were.[2]  *See, e.g.*, *Heine*, 835 S.W.2d at 84; *Glattly*, 332 S.W.3d at 635; *Texaco Inc.*, 137 S.W.3d at 773.  Consequently, the evidence is legally insufficient to support the jury's finding of $100,000 in lost profits damages.  *See, e.g.*, *Heine*, 835 S.W.2d at 84; *Glattly*, 332 S.W.3d at 634; *Texaco Inc.*, 137 S.W.3d at 773.  We sustain the Medical Center's fourth issue.

Having sustained the Medical Center's fourth issue, we need not address any of the Medical Center's other issues.[3]  *See* Tex. R. App. P. 47.1 (requiring

---

[2]The Medical Center complains in its third issue that the trial court erred by failing to exclude all of DFW II's evidence of damages because DFW II failed to timely disclose the "method of calculating economic damages" as required by rule 194.2(d) of the rules of civil procedure.  *See* Tex. R. Civ. P. 194.2(d).  The Medical Center objected at trial, arguing that although DFW II disclosed the amount of its claimed damages—$50,000 per month—because it did not disclose the method of calculating such lost profits nor timely supplement its disclosures, all evidence of damages was automatically excluded.  *See* Tex. R. Civ. P. 193.6(a) (prohibiting introduction of evidence not timely disclosed in discovery unless trial court finds good cause or lack of unfair surprise).  The trial court ruled that DFW II could introduce what it had disclosed—$50,000 per month in lost profits—but could not introduce evidence on how that amount was calculated because it did not timely disclose its method of calculation.  DFW II did not attempt to show good cause or lack of unfair surprise for not timely providing information on its method of calculating lost profits, and it has not raised an issue on appeal challenging the trial court's failure to permit it to elicit testimony from Ralston concerning how the $50,000-per-month-lost-profits figure was calculated.  *See* Tex. R. Civ. P. 193.6(b) (providing that burden of establishing good cause or lack of unfair surprise or prejudice is on party seeking to introduce evidence).

[3]The trial court awarded DFW II attorney's fees pursuant to the lease between the parties based on the jury's finding that the Medical Center as lessor had breached the covenant of quiet enjoyment it owed to DFW II as lessee.  Because no evidence exists supporting the jury's damage award, DFW II is not entitled to attorney's fees.  *See Intercont'l Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 652 (Tex. 2009) (holding plaintiff who obtained favorable jury findings but no damages was not entitled to attorney's fees under contractual

6

appellate court to address only issues necessary to disposition of appeal). Because legally insufficient evidence exists concerning the only element of damages submitted to the jury, we reverse the trial court's judgment and render a judgment that DFW II take nothing.

SUE WALKER  
JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DELIVERED:  October 17, 2013

---

language—like that contained in paragraph 21.1 of the lease here—entitling a prevailing party to such fees).